UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 3:01CV1719 (EBB) |
| v. | : | |
| | : | |
| WILLIAM MIRANDA, ET AL. | : | |
| | : | January 21, 2005 |
| Defendants. | : | |

**PLAINTIFF BRIAN RICHARDSON'S PRETRIAL MEMORANDUM**

Pursuant to the Court's Standing Order Regarding Trial Memoranda in Civil Cases, Plaintiff Brian Richardson submits this Pretrial Memorandum.

**I.  Plaintiff's Trial Counsel**

| | |
|---|---|
| Kenneth D. Heath (ct23659) | Daniel Kalish (ct 24350) |
| Wiggin and Dana LLP | Perkins Coie LLP |
| One Century Tower | 1201 Third Avenue, Suite 4800 |
| New Haven, CT 06510 | Seattle, WA 98101 |
| phone  (203) 498-4580 | phone: (206) 359-8000 |
| fax:     (203) 782-2889 | fax:    (206) 359-9000 |
| e-mail: kheath@wiggin.com | e-mail: DKalish@perkinscoie.com |

**II.  Jurisdiction**

Mr. Richardson claims jurisdiction based on 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**III.  Jury/Non-Jury**

The case will be tried to a jury.

**IV.  Nature of the Case**

This case stems from Mr. Richardson's arrest on the night of April 22, 2001. In the first cause of action under 42 U.S.C. § 1983, Mr. Richardson alleges that two of the Defendants, Bridgeport Police Officers William Miranda and Frank Delbouno, violated his civil rights by using excessive and unreasonable force in arresting him. Mr.

Richardson's second cause of action is for assault and battery, also against these two Defendants. Mr. Richardson's third cause of action is against another Defendant, Officer José Reyes, for an assault Officer Reyes committed when he fired one or more shots at the car in which Mr. Richardson was a passenger. Mr. Richardson has brought additional causes of action for intentional and negligent infliction of emotional distress against all three Defendants. Mr. Richardson seeks compensatory damages for his personal injuries and emotional distress as well as punitive damages.

V.  **Stipulations of Fact and Law**

Mr. Richardson will stipulate to the following facts:

1. On April 22, 2001, Mr. Richardson, along with an individual named Darnell Gibson, participated in a robbery of Solmar's Restaurant in Bridgeport, Connecticut.

2. The robbery led to a car chase involving (1) the car in which Mr. Richardson was a passenger, (2) a vehicle driven by the owner of Solmar's Restaurant, and (3) vehicles driven by officers of the Bridgeport Police Department.

3. During the chase, Defendant Reyes fired at least one shot at the car in which Mr. Richardson was a passenger, striking the car in its front right fender.

4. After the car chase ended, Mr. Richardson fled on foot, until he ultimately came into contact with Defendants Miranda and Delbouno, who arrested him.

5. Mr. Richardson did not resist arrest.

6. Before Officers Delbouno and Miranda encountered Mr. Richardson, they had reason to believe that Mr. Richardson might be armed.

7. On November 27, 2001, Mr. Richardson entered a guilty plea under the *Alford* doctrine to three counts of first degree robbery for his participation in the Solmar's Restaurant robbery on April 22, 2001.

8. On January 25, 2002, Mr. Richardson was sentenced to twelve years' imprisonment, suspended after six years, followed by five years' probation.

VI. **Plaintiff's Contentions**

Mr. Richardson contends that on the night of April 22, 2001, during the car chase following the robbery of Solmar's Restaurant, Officer Reyes assaulted him and intentionally or negligently caused him emotional distress by firing one or more shots at the 1998 Ford Taurus in which Mr. Richardson was a passenger. Mr. Richardson further contends that Officer Reyes' conduct was unreasonable and excessive, and in violation of Bridgeport Police Department rules governing the use of force and the discharge of

2

firearms, on the ground that neither Officer Reyes nor anyone else was at risk at the time of the shooting.

Mr. Richardson contends that Officers Delbouno and Miranda violated his constitutional rights, assaulted him, and intentionally or negligently caused him emotional distress by using unreasonable, excessive force in arresting him later on the night of April 22, 2001, by striking him on the head, body and limbs causing him to suffer physical injuries all over his body including wounds requiring staples in his head and stitches in his hands. Mr. Richardson further contends that these Defendants made racist comments during and following his arrest. Mr. Richardson contends that his physical injuries from this assault and battery persist to this day, in the form of chronic pain throughout his body and a permanent neurological impairment to his right hand.

Mr. Richardson further contends that the conduct of all defendants has caused him significant emotional distress, including but not limited to post-traumatic stress disorder manifesting itself in recurring nightmares, flashbacks and panic attacks regarding the events of April 22, 2001.

## VII. Defendants' Contentions

Defendant Reyes contends that he reasonably fired a single shot at the car in which Mr. Richardson was a passenger, on the ground that the car was heading immediately towards him -- a contention Mr. Richardson denies.

Defendants Delbouno and Miranda contend that they did not strike Mr. Richardson in any way while arresting him on April 22, 2001, but rather that they acted reasonably in guiding him to the ground and cuffing him. They further deny uttering any racist comments toward Mr. Richardson. They also contend that they are entitled to qualified immunity for their conduct in arresting Mr. Richardson. Mr. Richardson denies these contentions.

## VIII. Legal Issues

1. Whether the Defendants acted unreasonably or used excessive force in shooting at or arresting Mr. Richardson.

2. Whether Defendants' conduct proximately caused Mr. Richardson's physical injuries and emotional distress.

3. Whether Defendants are entitled to qualified immunity, which is a legal issue for the Court to decide once the jury has determined whether Defendants acted unreasonably or used excessive force. *See, e.g., Kernan v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004).

IX.    **Voir Dire Questions**

Mr. Richardson submitted proposed voir dire questions on January 4, 2005.

X.    **List of Witnesses**

Mr. Richardson expects to call the following witnesses at trial:

1.   Brian Richardson, Inmate #285663, Osborn Correctional Institution, 100 Bilton Road, POB 100, Somers, CT 06071

   Mr. Richardson will testify as to the events of April 22, 2001 and to the nature and extent of his injuries resulting therefrom.

2.   Jahi Foster-Bey, 300 Westfield Avenue, Bridgeport, CT 06606

   Mr. Foster-Bey was driving the 1998 Ford Taurus in which Mr. Richardson was a passenger following the Solmar's Restaurant robbery. Mr. Foster-Bey will testify concerning Defendant Reyes' shooting at the car and the conclusion of the car chase.

3.   Joseph Sancho, 285 Terrill Road, Plainfield NJ 07062

   Mr. Sancho was a passenger in the Taurus along with Mr. Richardson. He will testify concerning Defendant Reyes' shooting at the car and the conclusion of the car chase. He will also testify regarding the conduct of Defendants Miranda and Delbouno in arresting Mr. Richardson.

4.   David Read Johnson, 19 Edwards Street, New Haven, CT 06511

   Dr. Johnson is the head of the Post-Traumatic Stress Center in New Haven and a disclosed expert in the case. He will testify regarding his evaluation of Mr. Richardson's emotional injuries, including post-traumatic stress disorder.

5.   Norman Werdiger, 2 Church Street South #450, New Haven, CT 06519

   Dr. Werdiger is a neurologist and a disclosed expert in the case. He will testify regarding his evaluation of Mr. Richardson's neurological injuries.

6.   William Mayer, 300 Congress Street, Bridgeport, CT

   William Mayer, of the Bridgeport Police Department, will testify as to his processing of the car in which Mr. Richardson was a passenger on April 22, 2001.

7.   Records custodian, Connecticut Department of Corrections

4

       If necessary, Mr. Richardson will call a witness for purposes of admitting his prison medical records into evidence.

   8.    Records custodian, Bridgeport Police Department
       If necessary, Mr. Richardson will call a witness for purposes of admitting certain Bridgeport Police Department records and reports into evidence.

## XI. Plaintiff's Exhibits

Mr. Richardson may offer the following exhibits at trial:

1. William Mayer's April 23, 2001 Criminal Investigation Reports

2. William Mayer's photographs of 1998 Ford Taurus

3. Officer P.O. Feola's April 22, 2001 Incident Report

4. Defendant Delbouno's April 22, 2001 Supplemental Report

5. Defendant Miranda's April 22, 2001 Supplemental Report

6. Defendant Reyes' April 23, 2001 Incident Report

7. Defendant Reyes' Firearms Discharge Report regarding April 22, 2001

8. December 21, 2001 Review and Findings of Firearms Discharge Review Board and attachments (including April 25, 2001 memorandum of Cpt. Karen Krasicky, April 23, 2001 memorandum of Sgt. John Whalen, and April 23, 2001 memorandum of Sgt. Eddie Correa

9. Bridgeport Police Department Use of Force Policy

10. Photographs of Brian Richardson taken April 23, 2001

11. Brian Richardson's prison medical records

12. Bridgeport Police Department training materials re: "Police and the Law"

13. Defendant Reyes' police training schedule

14. Defendant Miranda's training schedule

15. Defendant Delbouno's training schedule

16. Defendant Reyes' written discovery responses

5

17. Defendant Delbouno's written discovery responses

18. Defendant Miranda's written discovery responses

19. Diagram of arrest site drawn by Defendant Delbouno at his deposition

20. Diagrams of shooting and chase drawn by Defendant Reyes at his deposition

21. Dr. David Read Johnson's CV

22. Dr. David Read Johnson's expert report

23. Dr. Norman Werdiger's CV

24. Dr. Norman Werdiger's expert report

25. Life expectancy tables

## XII. Deposition Testimony

Mr. Richardson does not expect any witnesses to testify by deposition.

## XIII. Requests for Jury Instructions

Mr. Richardson's initial request to charge is attached at Exhibit A.

## XIV. Anticipated Evidentiary Problems/Motions *in Limine*

Mr. Richardson has attached at Exhibit B a motion *in limine* to exclude evidence regarding details of the robbery and police chase unknown to the Defendants at the time of their conduct toward Mr. Richardson.

Mr. Richardson has also attached at Exhibit C a motion to treat William Mayer, a Bridgeport Police Officer he intends to call in his affirmative case, as a witness identified with an adverse party.

Mr. Richardson also anticipates that it may file a *Daubert* motion to preclude some or all of the testimony of the Defendants' sole disclosed expert, Dr. Robert Ostroff, following his deposition on January 28, 2005.

Finally, Plaintiff's counsel intends to discuss with defense counsel the possibility of stipulating to the admissibility of various records, such as police reports and Mr. Richardson's prison medical records, to avoid the need to subpoena additional witnesses for the sole purpose of admitting these records and reports.

XV.   **Proposed Findings and Conclusions**

Not applicable.

XVI.  **Trial Time**

Two to four days.

XVII. **Further Proceedings**

A *Daubert* hearing on the admissibility of the testimony of Defendants' expert Dr. Robert Ostroff may be necessary, pending his final report and deposition.

XVIII. **Election for Trial by Magistrate**

The parties have not agreed to trial by magistrate.

                                                        Respectfully submitted,

                                                        PLAINTIFF
                                                        BRIAN RICHARDSON

                                                        _____
                                                        Kenneth D. Heath (ct23659)
                                                        Wiggin and Dana LLP
                                                        One Century Tower
                                                        P.O. Box 1832
                                                        New Haven, CT  06508-1832
                                                        Tel.: (203) 498-4400
                                                        Fax: (203) 782-2889
                                                        E-mail: kheath@wiggin.com

                                                        Daniel Kalish (ct 24350)
                                                        Perkins Coie LLP
                                                        1201 Third Avenue, Suite 4800
                                                        Seattle, WA  98101-3099
                                                        Telephone: (206) 359-8000
                                                        Fax: (206) 359-9000
                                                        E-mail: DKalish@perkinscoie.com

                                                        His Attorneys

## CERTIFICATE OF SERVICE

On January 21, 2005, I caused to be served upon the following counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing:

Barbara Brazzel-Massaro, Esq.
City Attorney's Office, City of Bridgeport
999 Broad Street
Bridgeport, CT 06604

|     |                                    |
| --- | ---------------------------------- |
| ___ | Via hand delivery                  |
| _X_ | Via U.S. Mail, 1st Class, Postage Prepaid |
| ___ | Via Overnight Delivery             |
| _X_ | Via Facsimile                      |
| ___ | Via E-filing                       |

I certify under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

DATED at New Haven, CT, this 21st day of January, 2005.

_____
Kenneth D. Heath (ct23659)

8