UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 3:01CV1719 (EBB) |
| v. | : | |
| | : | |
| WILLIAM MIRANDA, ET AL. | : | |
| | : | January 21, 2005 |
| Defendants. | : | |

**PLAINTIFF BRIAN RICHARDSON'S INITIAL REQUEST TO CHARGE**

Plaintiff Brian Richardson submits the following as his initial request to charge.

**Instruction # 1**

**Law Enforcement Witnesses**

You have heard testimony during this trial from law enforcement officers. The mere fact that a witness is employed by a government does not entitle his or her testimony to special sanctity, nor should it be viewed with special suspicion. A police officer who takes the stand subjects his or her testimony to the same examination and the same tests that any other witness does. You should not believe or disbelieve a witness merely because he or she is a law enforcement officer. You should recall the witness' demeanor on the stand, his or her manner of testifying, his or her association with one side of the case, and the substance of his or her testimony, and you should weigh such testimony just as carefully as you would the testimony of any other witnesses.

**Instruction #2**

<u>**Section 1983**</u>

The Plaintiff, Brian Richardson, claims that Defendant police officers Miranda and Delbouno, while acting as members of the Police Department of the City of Bridgeport, intentionally deprived him of his rights secured by the Fourth Amendment of the Constitution of the United States and by federal law protecting the civil rights of all persons within the United States.

Specifically, Section 1983, a statute of the United States, provides that a plaintiff may seek money damages against a person who, under color of law, deprives a plaintiff of any rights protected by the Constitution or Laws of the United States. In this case, the Plaintiff contends that the Defendant police officers subjected him to a deprivation of the constitutional right to be free from excessive use of force against his person during the course of an arrest.[1]

In order to prove a claim under Section 1983, the Plaintiff must establish the following three elements by a preponderance of the evidence:

First, the Plaintiff must show that the Defendant police officers acted under color of law;

Second, the Plaintiff must show that the Defendants' acts or omissions operated to deprive him of one or more rights protected by the Constitution or laws of the United States; and

Third, the Plaintiff must show that the Defendants' acts or omissions were the proximate cause of damages sustained by the Plaintiff.

I will now explain Section 1983's elements in greater detail.

**1. <u>Under Color of Law</u>**

---

[1] 3B Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 165.01 (2001).

The first element that the Plaintiff must prove is that the Defendants were working "under the color of law." This means, in this case, simply acting in the capacity as a police officer at the time in question. There is no dispute in this case that at that time, Defendants were acting as police officers. Accordingly, I instruct you that the Plaintiff has met his burden on the first element of his Section 1983 claim.

## 2. Deprivation of a Constitutional Right

The second element that the Plaintiff must prove is that the Defendants' acts or omissions operated to deprive him of his rights under either the Constitution or laws of the United States. In this case, the Plaintiff alleges that the Defendants Miranda and Delbouno subjected him to arrest by the use of excessive force, in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment provides in pertinent part that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .

You are instructed as a matter of law that the Fourth Amendment protects every citizen from unreasonable force by a police officer in the performance of police duties. I must now talk to you for few minutes about the words "reasonable" and "unreasonable."

You must determine whether the Plaintiff has proven, by a preponderance of the evidence, that the force used by the Defendants was objectively unreasonable in the light of the totality of the circumstances confronting the police officers at the time. You first must ask whether the Defendants employed force. If you find that force was used, you must determine whether it was excessive. Force is considered excessive where the Plaintiff shows that the Defendants acted objectively unreasonably, when compared to what other police officers, acting

reasonably, would have done under the same totality of the circumstances confronting them. Thus, you should not ask yourselves whether the Defendants themselves thought their own use of force was reasonable. Instead, you must employ a completely objective test. In the end, you must ask yourselves "what would reasonable, objective police officers do in the circumstances faced by these police officers?"

### 3. Proximate Cause

The third element which Plaintiff must prove is that Defendant police officers' acts were the proximate cause of any injuries suffered by Plaintiff. Proximate cause means that there must be a sufficient causal connection between the Defendants' acts or omissions and any damages sustained by the Plaintiff. In order for you to conclude that the Defendants proximately caused the harm sustained by the Plaintiff, you must find that Defendants' acts or omissions were a substantial factor in bringing about, or actually causing the harm and that the harm was either a direct result or a reasonably probable consequence of the act or omission.

**Instruction # 3**

### State Of Mind

Section 1983 does not require Plaintiff to demonstrate that Defendant police officers acted willfully, or with the specific intent to violate his federally protected rights. Nor does Section 1983 require Plaintiff to show that Defendant police officers abused governmental power.[2] However, Section 1983 does require more than negligence or ordinary lack of care on

---

[2] 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation: Jury Instructions* § 3.02.1 (2004); *Graham v. Connor*, 490 U.S. 386, 397 (1989) (police officers' intent incompatible with proper Fourth Amendment analysis); *Hudson v New York City*, 271 F.3d 62, 69 (2nd Cir. 2001)

4

the part of Defendants.[3].

**Instruction #4**

**<u>State Law Claim – Assault</u>**

The Plaintiff has brought an assault claim under Connecticut state law against Defendant Reyes for shooting a firearm at him and the automobile in which he was a passenger.

A civil assault is defined as the intentional causing of imminent apprehension of harmful or offensive contact on another.[4] In order to be held liable for assault, it is necessary that the actor intend to inflict a harmful or offensive bodily contact upon the other, or to put him in apprehension of such contact. Unless he acts with such intent, the actor is not liable for an assault.[5] The defendant must have intended to interfere with the plaintiff's personal integrity, but he need not have intended to inflict physical injury. It is enough if he intended to arouse apprehension or fear of such injury.[6]

Although no actual contact is required, the action must be the sort that would arouse apprehension of a battery, and that apprehension must be one which would be normally aroused in the mind of a reasonable person.[7] An assault cannot be accomplished by words alone. There must

---

("objective reasonableness" test used rather than "subjective intent" of police officers in Fourth Amendment analysis).

[3] *Daniels v. Williams*, 474 U.S. 327, 331-32 (1986).

[4] Restatement (Second) of Torts § 21 (1965); *DeWitt v. John Hancock Mutual Life Ins. Co.*, 5 Conn. App. 590, 594 (1985).

[5] Restatement (Second) of Torts § 21 cmt. f (1965), *quoted in Norman v. Distasio*, No. CV960389982S, 2001 WL 761135, *3 (Conn. Super. Ct. June 15, 2001)

[6] *Comrie v. Hinds*, No. CV 930521854S, 1996 WL 240419, *2 (Conn. Super. Ct. Apr. 18, 1996).

[7] *Distasio*, 2001 WL 761135 at *3.

be an overt act evidencing some physical threat.[8]

If you find that Defendant Reyes intended to fire his handgun at Plaintiff or the car in which he was a passenger and you find that such action would normally arouse apprehension in the mind of a reasonable person, then you must find for the Plaintiff on the claim of assault.

**Instruction #5**

**State Law Claim – Assault and Battery**

The Plaintiff has also brought a claim of assault and battery under Connecticut state law against Defendants Miranda and Delbouno for intentionally, unlawfully, and unreasonably touching and beating him.

You have just heard the definition of "assault." A battery is a completed assault.[9] Battery is the unlawful application of force or violence to another person. It involves two elements:

First, force or violence must be applied to the person of another. As to this element I need only to add that it does not matter, as far as the liability of the Defendant police officers is concerned, how little or how great was that force or violence. However, should you find that the Defendants did commit an assault and battery, the amount of damages you can properly determine to be due the plaintiff would vary with the extent and nature of the force applied.

Second, the application of the force must be unlawful. That does not mean that there was any preconceived intent on the part of the Defendant police officers to injure the Plaintiff, although an assault and battery arising out of such intent would be unlawful. An assault and battery does not

---

[8] *Comrie*, 1996 WL 240419, *2; Douglas B. Wright et al., *Connecticut Law of Torts* § 8 (3d ed. 1991).
[9] *Smith v. New Haven*, 166 F. Supp. 2d 636, 644-45 (D. Conn. 2001).

need to be wanton, that is, the result of reckless disregard of consequences on the part of those charged with the offense, in order to be unlawful. It would be sufficient if the assault and battery was the result of negligence on the Defendants part, that is to say, of a failure on their part to use the care which a police officer of ordinary prudence would use under the circumstance.[10] If you find that the Defendant police officers used excessive force, you must find their actions to be an unlawful use of force.[11]

Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and both of the defendant police officers. The law does not require this, but, on the other hand, permits the party injured to treat all concerned in the injury as constituting one party who by their joint cooperation accomplished certain injurious results and who are liable to respond to the Plaintiff in a gross sum as damages. If you find that the actions of both defendants has combined to bring about harm to the Plaintiff and one of the Defendants seeks to limit liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon that Defendant.[12]

If you find that Defendants Miranda and Delbouno applied excessive physical force to the Plaintiff, then you must find for Plaintiff on the claim of assault and battery against those defendants.

---

[10] *Lentine v. McAvoy*, 105 Conn. 528, 531 (1927).

[11] *Smith v. New Haven*, 166 F. Supp. 2d 636, 644-45 (D. Conn. 2001).

[12] 2 Douglass B. Wright & William L. Ankerman, *Connecticut Jury Instructions (Civil)* § 400 (4th ed. 1993); *Gutowski v. New Britain*, 165 Conn. 50, 54 (1973).

**Instruction #6**

### State Law Claim – Intentional Infliction of Emotional Distress

The Plaintiff also states a claim of intentional infliction of emotional distress. In order to find for the Plaintiff, on this claim, he must show by a preponderance of the evidence the following:

First, the Defendant police officers intended to inflict emotional distress upon the Plaintiff, or that the Defendant police officers should have known that emotional distress was a likely result of their conduct;

Second, the Defendant police officers' conduct was extreme and outrageous;

Third, the Defendant police officers' conduct was the cause of the Plaintiff's distress; and

Fourth, the emotional distress sustained by the Plaintiff was severe.[13]

"Extreme and outrageous" conduct goes beyond the bounds of decency and is intolerable in a civilized community. Whether any of the defendants' conduct is "extreme and outrageous" is for you, the jury, to decide.[14]

If you find that the Plaintiff has proven each element by a preponderance of the evidence, then you must find for him on the claim of intentional infliction of emotional distress against the Defendant police officers.

---

[13] *Petyan v. Ellis*, 200 Conn. 243, 253 (1986); *Diggs v. Manchester*, 303 F. Supp. 2d 163, 188 (D. Conn. 2004).

[14] *Appleton v. Board of Education*, 254 Conn. 205, 210-11 (2000).

8

**Instruction #7**

### State Law Claim – Negligent Infliction of Emotional Distress

The Plaintiff also makes a claim of negligent infliction of emotional distress. The difference between a claim of negligent infliction of emotional distress and a claim of intentional infliction of emotional distress is the state of mind of the actors.[15] In order to find for Mr. Richardson on his claim of negligent infliction of emotional distress, he must prove by a preponderance of the evidence the following:

First, the Defendant police officers' conduct created an unreasonable risk of causing the Plaintiff emotional distress;

Second, the Plaintiff's distress was foreseeable;

Third, the emotional distress was severe enough that it might result in illness or bodily harm; and

Fourth, the Defendant police officers' conduct was the cause of the Plaintiff's distress.[16]

If you find that the Plaintiff has proven each element by a preponderance of the evidence, then you must find for him on the claim of negligent infliction of emotional distress against the Defendant police officers.

---

[15] *Rose v. Panolam Indus. Int'l Inc.*, 301 F. Supp. 2d 239, 248 (D. Conn. 2004).

[16] *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2002); *Diggs v. Manchester*, 303 F. Supp. 2d 163, 186 (D. Conn. 2004).

**Instruction #8**

**Affirmative Defenses**

In addition to denying the claims made by Plaintiff, the defendants in this case have asserted certain affirmative defenses to Plaintiff's claims. I will review these affirmative defenses with you in a moment. Defendants, not Plaintiff, have the burden of proof as to the allegations of any affirmative defenses upon which Defendants rely. Plaintiff does not have the burden to disprove the allegations of the affirmative defenses.

**Instruction #9**

**Affirmative Defense to State Law Claims – 53a-22**

The Defendant police officers are claiming by way of affirmative defense that their use of physical force was justified pursuant to State statute. Section 53a-22 of the Connecticut General Statutes authorizes a police officer who is making a lawful arrest to use physical force upon another person if necessary. However, an arresting officer may only use such force as he reasonably believes is necessary, under the circumstances, to make the arrest.[17]

The reasonableness of the use of deadly force by a police officer, such as the use of a handgun or a blow to the head, must be evaluated under a subjective-objective test. Under that test, you must first determine whether the defendant in fact honestly believed that deadly force, rather than some lesser degree of force, was necessary to repel an alleged attack. If you conclude that the officer did not honestly believe that deadly force was necessary, then you must find for the Plaintiff on this affirmative defense.

---

[17] *Martyn v. Donlin*, 151 Conn. 402, 411 (1964).

If, however, you believe that a police officer had that honest belief, then you must still determine whether that belief was reasonable.[18] If, by a preponderance of the evidence, you have found that the Defendant police officers applied physical force to the Plaintiff and if you do not find that amount of force applied was reasonable under the circumstances, then you must find for the Plaintiff on this affirmative defense. .

**Instruction #10**

<u>**Affirmative Defense of Self Defense to State Law Claims**</u>

The Defendants also claim as an affirmative defense that, even if you conclude that any one of them did make an assault or assault and battery upon the Plaintiff, they were justified in what they did because they acted in defense of their persons against an attack made upon them by the Plaintiff.  Under certain circumstances the law justifies the use of force or violence upon another when it is done in self-defense.  To avail themselves of this defense, each of the Defendants must prove the following by a preponderance of the evidence:

First, each of the Defendants must have reasonably believed that he was in imminent danger of suffering force or violence to his person because of the Plaintiff's conduct and that it was reasonably necessary for him to act in self-defense;

Second, each of the Defendants must not have been the aggressor, that is to say, he must not have been the one who, as the Plaintiff contends, instigated the physical conflict between them.  If you find that any Defendant was the aggressor in that sense of the word, that Defendant cannot legally claim that he was justified in using force or violence upon the person of the

---

[18] *State v. Smith*, 73 Conn. App. 173, 185 (2002).

11

Plaintiff; and

Third, that each Defendant used only a reasonably justified amount of force in defending himself from injury.

If you do not find that any or all of the Defendant police officers has proven to you by a preponderance of the evidence all three elements, then the affirmative Defense must fail as to the Defendant asserting such defense.[19]

**Instruction #11**

**<u>Governmental Immunity to State Law Claims</u>**

Connecticut law has something called "governmental immunity."

Generally speaking, a police officer may be liable for the misperformance of ministerial acts, but has qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. Ministerial acts, on the other hand, are duties performed in a prescribed manner without the exercise of judgment or discretion.

There are, however, three exceptions to government immunity for the performance of discretionary government acts. They are:

First, where circumstances make it apparent to the police officer that his or her failure to act would be likely to subject an identifiable person to imminent harm;

Second, where a statute specifically provides for a cause of action against a police officer for failure to enforce certain laws; and

---

[19] 2 Douglass B. Wright & William L. Ankerman, *Connecticut Jury Instructions (Civil)* § 402

Third, where the actions of the police officer involve malice, wantonness or intent to injure, rather than negligence.[20] The Defendants have failed to meet their burden if you find that they acted consciously and their conduct indicates a reckless disregard of the rights or safety of others or of the consequences of the action.[21]

If you find by a preponderance of the evidence that a Defendant has failed to meet his burden on any of the exceptions to governmental immunity, then that defendant does not have governmental immunity.

**Instruction #12**

**Damages**

If you find for the Plaintiff against one or more of the Defendants on any of the Plaintiff's cause of action, you may proceed to determine damages. Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find for the Plaintiff in accordance with the other instructions I am giving you. Also, you may only award damages as against those Defendants you find liable under the Plaintiff's cause of action.

**Instruction #13**

**Compensatory Damages**

The first type of damages you should consider is compensatory damages. Compensatory damages are meant to cover tangible injuries, such as physical pain, and intangible injuries such

---

(1993).
[20] *Mulligan v. Rioux*, 229 Conn. 716, 727-28 (1994).
[21] *Murray v. Taylor*, 65 Conn. App. 300, 339 (2001).

13

as mental anguish and emotional suffering. In weighing the issue of compensatory damages, you must ask yourself two initial questions: first, has the Plaintiff proven by a preponderance of the evidence that he suffered actual harm; and, second, has he proven by a preponderance of the evidence that the Defendants' violation of his constitutional rights proximately caused that harm? As I explained earlier, the Defendants' actions can be considered a proximate cause of the harm claimed by Plaintiff if they were a substantial factor in bringing about that harm.

If you decide that the Plaintiff has proven that he suffered specific harm due to the Defendants' acts or omissions, then you must decide on the amount of money that will compensate him for his harm. It is the Plaintiff's burden to prove each and every element and item of damage by a preponderance of the evidence. If he does so, it is for you, in the best exercise of your best judgment, to say what is just and fair compensation. There is no fixed formula for you to apply. You must not speculate or guess as to damages. However, proof of damages to a mathematical precision is not required. The Plaintiff need only prove damages with a degree of accuracy permitted by the evidence.

**Instruction #14**

**Nominal damages**

I must give you a special damages instruction as to the Plaintiff's claim under Section 1983. If you find that the Defendants Miranda and Delbouno violated the Plaintiff's constitutional rights, but that the Plaintiff has failed to prove by a preponderance of the evidence any actual harm, then you must award nominal damages.[22] Nominal damages serve as a legal

---

[22] *Gibeau v. Nellis*, 18 F.3d 107, 110-11 (2nd Cir. 1994) (award of nominal damages is not

acknowledgment that the Plaintiff's rights were violated, even though the violation did no physical, emotional or financial harm. You may not award both compensatory and nominal damages, nor may you award nominal damages for more than a token sum.

**Instruction #15**

**Punitive Damages**

In addition to compensatory or nominal damages, you may award punitive damages. You may make an award of punitive damages even though you find that the Plaintiff has failed to establish compensatory damages, as long as you have awarded nominal damages.

You may award the Plaintiff punitive damages if you find, by preponderance of the evidence, that the acts or omissions of the Defendants were done maliciously or with reckless indifference to the federally protected rights of the Plaintiff. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the Plaintiff. An act or failure to act is done with reckless indifference if either Defendant knew or should have known that the Plaintiff's rights would be violated by his or her actions or omissions.

In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or with reckless indifference to the rights of the plaintiff.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

---

discretionary where it has been proven that a violation of a substantive constitutional right has

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for acting with malice or with reckless indifference to a plaintiff's rights or to deter police officers from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether each Defendant may be adequately punished by an award of compensatory or actual damages only, or whether the conduct is so malicious or reckless that compensatory or nominal damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory or nominal damages standing alone are likely to deter or prevent each Defendant from again performing the wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.

**Instruction #16**

**Burden of Proof**

This is a civil case. The plaintiff has the burden of proving his or her case by what is called the preponderance of the evidence. That means that the plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's evidence and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip slightly on his side. If plaintiff fails to meet this burden, the verdict must be for the defendant.

---

occurred).

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard; it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

**Instruction #17**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony or eyewitnesses. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Instruction #18**

**Duty To Deliberate**

When you retire, you should elect one of your number as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction #19**

**Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. Therefore, if it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the other jurors may want to ask themselves about the basis for their feelings when a substantial number have reached a different conclusion. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can

do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Respectfully submitted,

PLAINTIFF
BRIAN RICHARDSON

Kenneth D. Heath (ct23659)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel.: (203) 498-4400
Fax: (203) 782-2889
E-mail: kheath@wiggin.com

Daniel Kalish (ct 24350)
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Fax: (206) 359-9000
E-mail: DKalish@perkinscoie.com

## CERTIFICATE OF SERVICE

On January 21, 2005, I caused to be served upon the following counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing:

Barbara Brazzel-Massaro, Esq.
City Attorney's Office, City of Bridgeport
999 Broad Street
Bridgeport, CT 06604

|  |  |
|---|---|
| ___ | Via hand delivery |
| **X** | Via U.S. Mail, 1st Class, Postage Prepaid |
| ___ | Via Overnight Delivery |
| **X** | Via Facsimile |
| ___ | Via E-filing |

I certify under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

DATED at New Haven, CT, this 21st day of January, 2005.

_____
Kenneth D. Heath (ct23659)