## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1719 (EBB) |
| v. | : | |
| WILLIAM MIRANDA ET AL., | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO TREAT WILLIAM MAYER
## AS A WITNESS IDENTIFIED WITH AN ADVERSE PARTY

Pursuant to Federal Rule of Evidence 611(e), Plaintiff Brian Richardson moves this Court

for permission to treat Sergeant William R. Mayer as a witness identified with an adverse party

and to use leading questions in his direct examination.

**I.      Introduction**

Plaintiff Brian Richardson has brought suit against three police officers of the Bridgeport

Police Department for their actions on April 22, 2001.  Richardson asserts that Officer Jose

Reyes committed an assault when Reyes fired his gun at the car in which Richardson was a

passenger.  Richardson alleges that Reyes was not in any danger when he shot at the car (a Ford

Taurus) and, thus, his discharge of the weapon was unreasonable under the circumstances.

Further, Richardson alleges that two other officers, William Miranda and Frank Delbouno, used

excessive force when apprehending him.

Richardson intends to call Sergeant William R. Mayer in his case-in-chief.  Mayer has

been employed by the Bridgeport Police Department for more than seventeen years.  Mayer Dep.

at 11:23-25 (Ex. 1).  On April 23, 2001, as a detective for the Bridgeport Police Department, he

investigated the Ford Taurus after the incident. Plaintiff intends to use Mayer's testimony to illustrate the position of Officer Reyes when he shot at the car, the condition of the Taurus after the incident, and the location of the bullet hole. Plaintiff now seeks permission to treat Sergeant Mayer as a witness identified with an adverse party and to ask him leading questions during this direction examination. The resolution of this issue will assist both parties in preparing for trial.

## II.    Summary of the Law

Federal Rule of Evidence 611(e) states that when a party calls "a witness identified with an adverse party . . . interrogation may be by leading questions." FED. R. EVID. 611(e). The term "witness identified with an adverse party" is "intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated connection to an opposing party." *United States v. McLaughlin*, 1998 WL 966014, at *1 (E.D. Pa. 1998). The courts have recognized that a witness may be identified with an adverse party in several situations. *See Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981) (holding that police officer was identified with a defendant police officer because the witness worked closely with the defendant police officer); *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984) (allowing plaintiff to lead defendant's girlfriend); *Perkins v. Volkswagon of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979) (holding that employee of an adverse party is clearly identified with the adverse party); *Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (allowing plaintiff to ask leading questions of defendant's former administrative secretary).

## III.    Argument

Here, Sergeant Mayer is "identified" with adverse parties Reyes, Miranda, and Delbouno, the three Defendants in this lawsuit. Like the Defendants, Mayer is also an officer at the Bridgeport Police Department. And although the Bridgeport Police Department is not a named

defendant in this action, a Plaintiff's verdict will negatively affect the reputation of the Department as well as its officers. Common sense indicates that Sergeant Mayer would prefer a defense verdict to protect the integrity of the Bridgeport Police Department. This connection with the defendants is further illustrated by the fact that Sergeant Mayer prepared for his deposition by conferring with Defendants' counsel. Mayer Dep. at 47:14-19.

The fact that Sergeant Mayer continues to work with the three defendants, has a personal interest in this outcome, and has conferred with the defendants' counsel indicates that he has a "demonstrated connection" with adverse parties Reyes, Delbouno, and Miranda in this lawsuit. In *Ellis v. City of Chicago*, 667 F.2d 606 (7th Cir. 1981), a case directly on point, the court concluded that police officers were "identified with an adverse party" partly because those officers had worked "closely with [the defendant police officer] during the period of their employment." *Id.* at 613. There, the Seventh Circuit Court of Appeals held that the district court committed error when it refused to allow the plaintiff, in a § 1983 action against an officer of the Chicago police department, to ask leading questions to other police officers in that same department. *Id.* Based on *Ellis*, there can be little doubt that Sergeant Mayer is a witness "identified with" the defendants in this lawsuit.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully asks this Court to grant its motion to treat Sergeant William Mayer as a witness identified with an adverse party and allow Plaintiff's counsel to lead him during his direct examination.[1]

---

[1] If this Court concludes at this time that Sergeant Mayer is not identified with an adverse party, Plaintiff reserves the right to show at trial that he is a hostile witness. *See* FED. R. EVID. 611(c) (noting how leading questions are allowed for adverse parties, hostile witnesses, and witnesses identified with an adverse party). To show hostility, Plaintiff would have to illustrate that Mayer is biased against the direct examiner or his client, findings usually illustrated by the demeanor of the client during examination. 28 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 6168, at *7 (1993).

DATED: January 21st, 2005

Kenneth D. Heath (ct 26359)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel: 203-498-4400
Fax: 203-782-2889
E-mail: kheath@wiggin.com

Daniel Kalish (ct 24350)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
E-mail: dkalish@perkinscoie.com

Attorneys for Plaintiff
Brian Richardson

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - x
                                    :
BRIAN RICHARDSON,
                                    :
            Plaintiff,
                                    : Civil Action No.
                                    : 3:01CV1719(JCH)
WILLIAM MIRANDA, ET AL,
                                    :
            Defendants.
                                    :
- - - - - - - - - - - - - - - - - - x


            Deposition of SERGEANT WILLIAM ROBERT

      MAYER, taken pursuant to the Federal Rules of

      Civil Procedure, at the law offices of Wiggin

      & Dana, One Century Tower, New Haven,

      Connecticut, before Michelle E. Pappas,

      License #00081, a Notary Public in and for

      the State of Connecticut, on Friday, October

      10, 2003, at 9:21 a.m.

1        A.    Correct.

2        Q.    Can you describe your employment history,

3    every place that you worked as you can recall since you

4    graduated high school?

5        A.    Yes.    I'm -- when I graduated from high

6    school I worked for construction work for about a year,

7    then I worked in manufacturing, I was an electrical

8    technician in a factory in Bridgeport.

9        Q.    And sorry to interrupt, but if you could give

10    the relative dates as far as you can recall, that would

11    be helpful.

12        A.    Yes.    I believe in the manufacturing from

13    1974 to 1978, after that I worked for the Bullard

14    Company in Fairfield, Connecticut.    I worked there

15    from, had to be from '78 to '82.    After that I worked

16    for a year for Chestnut Electric in Wilton, after that

17    I worked for a year at J & B Electric in Fairfield,

18    Connecticut, after that I worked for the Town of

19    Trumbull for three years until I joined the police

20    department in '87 as an electrician.

21        Q.    What did you do for the Town of Trumbull?

22        A.    I was an electrician.

23        Q.    You joined the Bridgeport Police Department

24    in 1987?

25        A.    Yes, I did.

1    Q.   Have you talked to him about the lawsuit?

2    A.   No.

3    Q.   Do you know an individual named Officer

4    William Miranda?

5    A.   I know who he is.

6    Q.   Have you talked to him about this lawsuit?

7    A.   No.

8    Q.   Have you talked to anyone about this lawsuit?

9    A.   Other than Attorney Massaro and you people,

10   that's it.

11   Q.   Attorney Massaro's the only one you've talked

12   to?

13   A.   Yes.

14   Q.   Did you talk to Attorney Massaro to prepare

15   for this deposition?

16   A.   Yes.

17   Q.   And when did you speak to her to prepare for

18   this deposition?

19   A.   I believe you called me last week.

20   Q.   How long did you two speak?

21   A.   Not long.

22   Q.   Did she show you any documents?

23        MS. BRAZZEL-MASSARO:  I'm going to start

24        to object to anything regarding any

25        conversation we've had at all in preparation

## CERTIFICATE OF SERVICE

On January 21st, 2005, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing:

Barbara Brazzel-Massaro, Esq.
City Attorney's Office, City of Bridgeport
999 Broad Street
Bridgeport, CT 06604

| | |
|---|---|
| ___ | Via hand delivery |
| **X** | Via U.S. Mail, 1st Class, Postage Prepaid |
| ___ | Via Overnight Delivery |
| **X** | Via Facsimile |
| ___ | Via E-filing |

I certify under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

DATED at New Haven, CT, this 21st day of January, 2005.

_____
Kenneth D. Heath