UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN RICHARDSON | : |
| Plaintiff, | : CIV. NO. 3:01CV1719 (EBB) |
| vs. | : |
| WILLIAM MIRANDA, ET AL | : |
| Defendants | : JANUARY 21, 2005 |

## MOTION IN LIMINE

The Defendant, William Miranda, hereby respectfully requests that this Court grant his motion to preclude the introduction into evidence and/or any testimony concerning a civilian complaint dated August 11, 1998 in which he was exonerated.

As part of the discovery request, the Plaintiff was provided a copy of the complaint and finding in case #98I-261 in accordance with the Court order. There is no indication from the decision that the Defendant, Miranda, was involved in any wrongdoing. The Plaintiff never followed up with further questions or continued deposition in this regard. Additionally, the Plaintiff, to date, has not indicated the inclusion of this decision or the civilian complaint as an exhibit in this matter.

In <u>Sabir v. Jowett</u>, 143 F. Supp. 2d 217 (2001) (attached) the court, in viewing the admissibility of three civilian complaints, determined that the prejudicial effect of those complaints outweighed the risk of misleading the jury or having any probative effect.

BMF05009

1

In the instant action, the citizen complaint referred to by the Plaintiff involves an action in which the Defendant, Miranda, was exonerated. It also indicates that this alleged incident occurred when he was off-duty and the actual police report concerning the incident was handled by another officer in the Bridgeport Police Department. That report outlined a very different set of events (Exhibit A).

Therefore, based upon the lack of credibility and truthfulness of the complaint, and the fact that the complainant did nothing but make the complaint and then failed to give a statement to internal affairs when requested, challenges the very validity of the complaint.

The Defendant, Miranda, requests that the Court preclude any testimony or evidence about such a complaint.

THE DEFENDANT
WILLIAM MIRANDA

By: _____
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Tel: #203/576-7647
Fed. Bar #05746

BMF05009

2

## CERTIFICATION

This is to certify that a copy of the foregoing "Motion In Limine" has been sent, postage prepaid, on this 21ST day of January, 2005, to:

Kenneth D. Heath, Esq.
Wiggin & Dana
One Century Tower
P.O. Box 1832
New Haven, CT 06508

Daniel Kalish, Esq.
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

                                                                                           /s/ Barbara B. Massaro
                                                                          Barbara Brazzel-Massaro

BMF05009                      3

# INCIDENT REPORT

| Field | Value |
|---|---|
| 1. Incident Number | 30328315 |
| 3. Type of Crime / Incident | THREATENING/INTERFERING |
| 4. Code(s) | 3201 |
| Dispatched | M:3 D:28 Y:98 T:2322 |
| On Scene | M:3 D:28 Y:98 T:2325 |
| 7. Time of Occurrence | M:3 D:28 Y:98 T:2318 |
| 8. Dispatched To | 316 WOOD AVE. |
| 9. Location of Crime / Incident | 316 WOOD AVE  PARKWOOD CAFE |
| 10. Type of Premise | BAR |
| 11. Sector | B-13 |
| 12. Rept. Area | B-13 |
| 14. Victim's Name | MARANDA, WILLIAM |
| 15. Victim's Complete Address | 300 CONGRESS ST. BPT CT. |
| 17. Business/School Telephone | ( ) 576-7707 |

### Suspect #1
- Name: VARGAS, WILLIAM
- May Be Located At: 5 VINE ST.
- Description: HISP. MALE 5'3" 150LBS
- D.O.B. 1-25-62
- Arrested: ☑ Yes ☐ No

### Narrative:

DETAILED TO THE ABOVE LOCATION ON A MAN WAVING A GUN. ON MY ARRIVAL TO THE AREA I NOTICED A GROUP OF BACK-UP OFFICERS RUNNING EAST ON WOOD AVE. PATRONS WERE POINTING IN THAT DIRECTION & STATING THERE HE GOES. AS I LOOK AHEAD I OBSERVED A HISP. MALE IN DARK CLOTHES RUNNING EAST ON WOOD AVE TOWARDS NORMAN AVE. THE SUSPECT

Physical Evidence: ☐ Yes ☑ No

Reporting Officer(s): O. MICHAEL FALBO   CAD# 58   Sect. B 13

62. Required Follow-up/Recommendations: DRGS. ATTY

Page 1 of 3

BPD-

EXHIBIT A

# DEPARTMENT OF POLICE
## BRIDGEPORT, CONNECTICUT
### SUPPLEMENTAL REPORT

1. REPORT TYPE: (✓) NARRATIVE CONTINUATION  ( ) ADDITIONAL INFORMATION  ( ) INVESTIGATIVE PROGRESS  ( ) CLEAR UP/RECOVERED PROPERTY
2. OFFENSE / INCIDENT: THREATENING / INTERFERING
3. LOCATION OF OFFENSE: 316 WOOD AVE
4. VICTIM'S NAME: MARANDA, WILLIAM
5. DATE OF OCCURRENCE: 3-28-98
7. INCIDENT NO.: 980328-315

THEN TURNED ONTO NORMAN AVE & WENT INTO THE BACK YARDS ON NORMAN STREET. THROUGHT OUT THIS FOOT PURSUIT THE OFFICERS WERE YELLING TO STOP, FREEZE POLICE, THE SUSPECT CONTINUED TO RUN & AT TIMES LOOKING BACK AT THE OFFICES & MYSELF, I WAS IN A MARKED POLICE VEHICLE.

IN THE BACK YARDS OF 687 NORMAN ST. OFFICERS FOUND A DARK BLK LEATHER JACKET.

THE OFFICERS ON THE SCENE BEGAN TO SEARCH THE YARDS FOR THE SUSPECT.

A SHORT TIME AFTERWARDS OFF. DEWITT-SMITH IN CAR B-12 ADVISED ME THEY HAD A SUSPECT IN CUSTIDY, AT BENHAM/WOOD AVES.

THE VICTIM MARANDA MADE A POSITIVE I.D. OF THE SUSPECT.

MARANDA STATES HE WAS OFF DUTY & INSIDE THE PARKWOOD CAFE. AN ARGUMENT BROKE OUT BETWEEN THE SUSPECT LATER I.D AS WILLIAM VARGAS & ANOTHER MAN OVER A POOL TABLE. THE BOUNCER TRIED TO BREAK UP THE ARGUMENT & MARANDA ALSO TRIED TO CALM DOWN THE 2 PARTIES. AT WHICH POINT VARGAS BECAME VERBALLY ABUSIVE & MARANDA TOLD HIM TO CALM DOWN. WORDS WERE EXCHANGED & MARANDA I.D. HIMSELF AS A POLICE OFFICER, VARGAS LEFT STATING HE'LL BE BACK TO SHOOT UP THE PLACE & LEFT. MARANDA THEN CALLED POLICE & ADVISED THEM OF THE SITUATION. AS OFFICER'S WERE RESPONDING VARGAS CAME BACK & AGAIN MARANDA I.D. HIMSELF BUT THE SUSPECT RAN & POLICE GOT INVOLVED.

REPORTING OFFICER: D. MICHAEL FALBO   CAD NO. 575
SUPERVISOR'S REVIEW: [signature]   CAD. NO. 405
10. DATE REPORT PREPARED: 3-28-98
PAGE 2 OF 3

( ) CONCUR   RECOMMEND _____

# DEPARTMENT OF POLICE
# BRIDGEPORT, CONNECTICUT
## SUPPLEMENTAL REPORT

REPORT TYPE: (✓) NARRATIVE CONTINUATION ( ) ADDITIONAL INFORMATION ( ) INVESTIGATIVE PROGRESS ( ) CLEAR UP/RECOVERED PROPERTY

OFFENSE / INCIDENT: THREATENING / INTERFERING
3. LOCATION OF OFFENSE (House No. and Street): 316 WOOD AVE
5. DATE OF OCCURRENCE: 03-28-98
7. INCIDENT NO.: 98032835

VICTIMS NAME (Last, First, Middle) (If Firm, Name): MARANDA, WILLIAM

LOCK #:

WILLIAM VARGAS WAS ARRESTED & TRANSPORTED TO BOOKING.
HE WAS CHARGED WITH THREATENING 53a-62
INTERFERING WITH POLICE 53a-167a AND A BOND SET AT $2500.00

9. REPORTING OFFICER: P.O. MICHAEL FALBY
CAD NO.: 575
10. DATE REPORT PREPARED: 03-28-98
PAGE 3 OF 3

11. SUPERVISOR'S REVIEW: [signature]
CAD. NO.: 405
( ) CONCUR   RECOMMEND

BPD - 2

Source: Legal > Federal Legal - U.S. > **Federal Cases After 1944, Combined Courts**
Terms: **sabir w/25 jowett** (Edit Search)

✔Select for FOCUS™ or Delivery
☐

*143 F. Supp. 2d 217, \*; 2001 U.S. Dist. LEXIS 7647, \*\**

HASSAN **SABIR**, Plaintiff, v. JAMES C. **JOWETT**, DENNIS LISEE, and LEWIS FUSARO, Defendants.

Civil Action No. 3:97 CV 2249 (CFD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

143 F. Supp. 2d 217; 2001 U.S. Dist. LEXIS 7647

May 30, 2001, Decided

**DISPOSITION:** [\*\*1] Parties' Motions in Limine GRANTED in part and DENIED in part.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Both plaintiff and defendants filed motions in limine.

**OVERVIEW:** Defendants' motion in limine sought to preclude, under Fed. R. Evid. 608 (b) and 403, the cross-examination of a detective about conduct which led to an administrative investigation of him by the state police. The court held that the conduct underlying the three charges charged in the third complaint was not a permissible topic for cross-examination of the detective. As to the sustained charge, it concerned a failure to follow administrative procedures, which was not probative of character for truthfulness or untruthfulness, and thus was not a proper subject for inquiry on cross-examination under Rule 608(b). As to the charges concerning misappropriation of money or theft of property, those allegations did relate to his character for truthfulness or untruthfulness and thus fell within Rule 608(b). However, the court held that whatever probative value cross-examination on this conduct might have was substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury, as the detective was exonerated on those charges. The court made a myriad of rulings on other aspects of the parties' motions in limine.

**OUTCOME:** Plaintiff's motion in limine was granted, in part, and denied, in part. Defendants' motion in limine was also granted, in part, and denied, in part.

**CORE TERMS:** cross-examination, motion in limine, truthfulness, untruthfulness, exonerated, limine, raising, probative value, proper subject, trooper, misappropriation, probative, theft, substantially outweighed, conduct underlying, cross examination, motion to compel, inefficiency, transmittal, misleading, unfair, administrative investigation, administrative procedures, failure to follow, state police, bail money, credibility, arrest

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Evidence > Witnesses > Impeachment by Prior Conduct & Conviction
*HN1* ✛ See Fed. R. Evid. 608(b).

Evidence > Witnesses > Impeachment by Prior Conduct & Conviction

<sup>HN2</sup>⁺The first step in a Fed. R. Evid. 608(b) analysis is whether the specific conduct is probative of the witness's character for truthfulness or untruthfulness. More Like This Headnote

**COUNSEL:** For HASSAN SABIR, plaintiff: Jeffrey M. Sklarz, Moukawsher & Walsh, Groton, CT.

For HASSAN **SABIR**, plaintiff: Ann Walsh Henderson, West Hartford, CT.

For HASSAN **SABIR**, plaintiff: Michael Joseph Walsh, Moukawsher & Walsh, Hartford. CT.

For JAMES C. **JOWETT**, DENNIS LISEE, LEWIS FUSARO, STATE OF CONNECTICUT, defendants: Robert Bishop Fiske, III, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT.

For JAMES C. JOWETT, DENNIS LISEE, LEWIS FUSARO, STATE OF CONNECTICUT, defendants: Terrance M. O'Neill, Attorney General's Office, Hartford, CT.

**JUDGES:** Christopher F. Droney, United States District Judge.

**OPINIONBY:** Christopher F. Droney

**OPINION: [*218]**

**RULING ON PARTIES' MOTIONS IN LIMINE**

I. Plaintiff's Motions

As to the plaintiff's Motion in Limine Re: Police Reports [Doc. # 117], the portion of the motion in limine which requests that the two state police reports be excluded in their entirety is DENIED. The sources of information and other circumstances of the reports do not indicate lack of trustworthiness sufficient to exclude the reports. The portion of the motion in limine which **[**2]** applies to particular statements and portions of the two reports is DENIED, without prejudice to raising specific objections at trial.

The plaintiff's Motion in Limine Re: Settlements With Co-Defendants [Doc. # 118] is GRANTED, by agreement of the parties.

II. Defendants' Motion in Limine [Doc. # 115]

The defendants first seek to preclude under Rules 608(b) and 403 of the Federal Rules of Evidence cross-examination of Detective Jowett about conduct which led to three prior administrative investigations of him conducted by the state police. No reports remain of the first investigation for "inefficiency," dated February 1, 1989 (Investigation No. 89-017), for which Detective Jowett was exonerated, and it appears that the plaintiff has waived or abandoned his request to cross-examine Detective Jowett about this. **[*219]** Accordingly, the motion in limine is GRANTED, absent objection, as to this conduct.

Similarly, no reports remain of the second investigation for "neglect of duty and inefficiency," dated November 2, 1989 (Investigation No. 89-197), which was sustained. At a hearing before this Court on the motions in limine, however, defendants' counsel indicated that this complaint **[**3]** related to an incident in which Trooper Jowett apparently left a police cruiser in gear for driving when the vehicle should have been placed in park.

<sup>HN1</sup>⁺Rule 608(b) provides in part,

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness[.]

"**HN2**"The first step in a 608(b) analysis is whether the specific conduct is probative of the witness' character for truthfulness or untruthfulness." United States v. Phibbs, 999 F.2d 1053, 1070 (6th Cir. 1993) (quoting United States v. Hill, 550 F. Supp. 983, 990 (E.D. Pa. 1982), aff'd, 716 F.2d 893 (3d Cir. 1983), cert. denied, 464 U.S. 1039, 79 L. Ed. 2d 165, 104 S. Ct. 699 (1984)), cert. denied, 510 U.S. 1119 (1994). Here, Detective Jowett's conduct with respect to this charge does not relate to his truthfulness or untruthfulness. In addition, the charge is nearly twelve [**4] years old, and therefore its probative value is diminished. Further, as to plaintiff's claim that there is not enough information regarding this charge, the plaintiff chose not to resume the deposition at which the issue first arose, following the granting of a motion to compel. n1 Accordingly, the motion in limine is GRANTED as to this charge on the basis that it does not relate to Detective Jowett's truthfulness under Federal Rule of Evidence 608(b), and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury under Federal Rule of Evidence 403.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 U.S. Magistrate Judge Garfinkel granted the plaintiff's motion to compel on February 23, 2000, concerning documents relating to sustained administrative investigations of Detective Jowett, such as this one. It was subsequently determined that no documents still existed as to this particular investigation because of its age.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The third complaint against Trooper Jowett concerned an incident on [**5] July 5, 1998, when $ 100 in bail money was reported missing following an arrest. An administrative investigation was conducted (Investigation No. 98-085), and the Court has reviewed the report of Sergeant Marcia Youngquist, the internal affairs investigator who conducted the investigation for the Connecticut State Police. That report indicates that the charges n2 against Detective Jowett were sustained on one ground, which essentially amounted to a failure to follow administrative procedures when receiving bail money. The disposition of two other charges--for misappropriation of moneys or goods and theft or conversion of state property--is listed as "exonerated." Based on this record, the Court finds that Detective Jowett was exonerated on the charges of misappropriation and theft.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 A total of five charges were made against Detective Jowett in Investigation 98-085. He was exonerated on a charge of failure to prepare a transmittal sheet concerning the subject arrest. This charge does not relate to credibility, and thus is not a proper subject for cross examination under Federal Rule of Evidence 608(b). A fifth charge of "Shirking duties" is listed as "not sustained," a classification that is warranted, according to the "Notice of Disposition Classification," when "there is insufficient evidence to clearly prove or disprove the complaint or incident." While this disposition is inconclusive, the Court concludes that the

conduct underlying such a charge (which also concerns failing to complete a transmittal form) does not appear to be related to truthfulness or untruthfulness, and thus is not a proper subject for cross examination under Federal Rule of Evidence 608(b). The remaining three charges are discussed in the text.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**6]

Applying the standards of Federal Rules of Evidence 608(b) and 403, the Court concludes that the conduct underlying these three charges is not a permissible topic for cross-examination of Detective Jowett. As to the sustained charge, it concerns a failure to follow administrative procedures, which is not probative of character for truthfulness or untruthfulness, and thus is not a proper subject for inquiry on cross-examination under Rule 608(b). As to the charges concerning misappropriation of money or theft of property, those allegations would relate to his character for truthfulness or untruthfulness and thus fall within Rule 608(b). However, whatever probative value cross-examination on this conduct may have is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury, as Detective Jowett was exonerated on those charges. See Fed. R. Evid. 403; see also United States v. Schwab, 886 F.2d 509 (2d Cir. 1989) (holding that the district court committed error in allowing cross-examination of the defendant concerning conduct that led to charges of income tax charges for which he eventually was acquitted); Phibbs, 999 F.2d at 1070 [**7] (holding that the district court did not abuse its discretion in permitting cross-examination of an FBI agent about charges that were the subject of an internal disciplinary investigation but for [*220] which he was not disciplined); Hill, 550 F. Supp. at 989-990 (not permitting cross-examination of a DEA agent concerning an internal inter-agency investigation after which he was "cleared of all wrongdoing"). Accordingly, cross-examination regarding the conduct that resulted in this administrative investigation will not be permitted, and this portion of the defendants' motion in limine is GRANTED.

As to the portion of the motion in limine directed at Mrs. Sabir's testimony, it is DENIED, without prejudice to raising specific objections at trial.

As to the portion of the motion in limine directed at the testimony of the "John Doe" troopers, it is DENIED, without prejudice to raising specific objections at trial.

As to the portion of the motion in limine directed at certain of the plaintiff's exhibits, it is DENIED, without prejudice to raising specific objections at trial.

SO ORDERED this 30th day of May 2001, at Hartford, Connecticut.

Christopher F. Droney

United States [**8] District Judge

Source:  Legal > Federal Legal - U.S. > Federal Cases After 1944, Combined Courts
Terms:  sabir w/25 jowett (Edit Search)
View:  Full
Date/Time:  Tuesday, December 7, 2004 - 11:58 AM EST

* Signal Legend:
● -  Warning: Negative treatment is indicated
⸰ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
◯ -  Citing Refs. With Analysis Available
◯ -  Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.