UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN RICHARDSON

        Plaintiff,        :    CIV. NO. 3:01CV1719 (EBB)

vs.

WILLIAM MIRANDA, ET AL

        Defendants    :    JANUARY 26, 2005

## DEFENDANTS OBJECTION TO THE DESIGNATION OF SERGEANT MAYER AS ADVERSE AND FOR TESTIMONY BEYOND HIS JOB DESCRIPTION

The Plaintiff has indicated in his Trial Memorandum that he intends to call Sergeant William Mayer and requests that the Court permit him to question Sergeant Mayer as an adverse witness.

The Defendants object to the Plaintiff's intent to utilize the Sergeant as an adverse witness and also to the introduction of any evidence from Sergeant Mayer regarding the firearms discharge report, his report concerning any conclusions or opinions about the entry of a bullet hole into the automobile, and any photographs of the entry of a bullet hole into the automobile. The basis of the Defendants' objections are numerous. The Defendants have filed a separate motion requesting the Court limit his testimony as to areas beyond his job duties on April 23, 2001.

This motion will apply to the argument that if the testimony is limited to his job of taking photographs, there is no basis to treat him as an adverse witness.

First of all, the Plaintiff has failed to provide a basis for a finding that Sergeant Mayer is an adverse witness. The Plaintiff conducted his deposition on October 10, 2003. During the deposition, the deponent willingly answered all questions posed by the Plaintiff's counsel. The deposition testimony included the involvement of Sergeant Mayer not as an officer involved in the event surrounding the arrest of Mr. Richardson, but solely as the officer who took photos and examined the car involved in the pursuit when it was in the Bridgeport Police Department garage (Exhibit A – Mayer Deposition, pages 18-19).

Simply because he is a Bridgeport Police Department officer does not equate to an adverse witness. In fact, in this particular action, Officer Mayer did photos and a report of what he found in the car and what he did (Exhibit B – Mayer Deposition, page 25). He was simply requested to document a vehicle in the garage (Exhibit C – Mayer Deposition, pages 28 and 29). He was not assigned to investigate the case but only to document the vehicle through photos (Exhibit D – Mayer Deposition, page 31 and page 54).

The Plaintiff offers, as the basis of his motion, the deposition of Sergeant Mayer in which he states he knows of a Police Officer William Miranda. This is a far cry from having any interest in the action. There is no connection other than that

they are police officers. The 6th Circuit case of Ellis v. City of Chicago that the Plaintiff cites as authority is an Appellate Court decision in which it was determined that there was no error in failing to permit leading questions. Ellis, 667 F.2d 600 (1981). The Ellis action named not only police officers but also the City of Chicago. The City of Bridgeport is not a defendant in this action. Additionally, the record in Ellis demonstrated that the two police officers who the plaintiff requested to ask leading questions were "employees of defendant City of Chicago at all times during litigation and were actually present during portions of the incident which gave rise to the lawsuit. Moreover, the record indicates that both officers had worked closely with the defendant in the action, Frank Kusan, during the period of their employment." Ellis, supra, involved an entirely different set of facts than the present case. In this action the Plaintiff has not even demonstrated that any of the Defendants ever worked together or know more than the fact that they are all police officers. For the Plaintiff to surmise that this alone qualifies for the use of leading questions is a misuse of the rule. Lastly, Ellis determined that such a ruling is within the discretion of the court and to be determined only with evidence of a factual basis of a connection. The Plaintiff cannot and does not satisfy this criteria.

Given the limited involvement, the Court should not treat him as more than a witness who is verifying photographs. However, the Defendants believe, based upon the Motion of the Plaintiff, that he intends to request from Sergeant Mayer

BMF05011                                      3

more information and testimony than how he took photographs of the car. In this regard, the Defendants object to any testimony from Sergeant Mayer regarding his assumptions, opinions and conclusions because he is not an expert in the field, nor did he perform the appropriate scientific tests, nor was he present at any of the scenes involving this automobile in the collision or at the time of the shot fired by Sergeant Reyes.

The Defendants have submitted a separate motion addressing their request to limit his testimony.

Based upon the above, the Defendants respectfully request that the Court deny the Plaintiff's motion.

THE DEFENDANTS

By: _____
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #05746

BMF05011                         4