UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON | : | |
| Plaintiff, | : | CIV. NO. 3:01CV1719 (EBB) |
| vs. | : | |
| WILLIAM MIRANDA, ET AL | : | |
| Defendants | : | JANUARY 26, 2005 |

**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO RESTRICT
THE TESTIMONY AND/OR EVIDENCE CONCERNING THE ROBBERY**

**INTRODUCTION**

The Plaintiff has requested that the Court limit the testimony and evidence concerning the actual robbery that precipitated the chase and subsequent acts of the Defendants in apprehending the Plaintiff. The Defendants respectfully request that the Court permit the Defendants to introduce testimony from at least two individuals and Mr. Richardson concerning the robbery that occurred at Solomar's Restaurant and set into motion the pursuit. The Defendants contend that the testimony concerning the events of the robbery are essential to address a number of issues in addition to the fact that the call indicated it was an armed robbery.

BMF05014                           1

A. **The Description of the Events Provides a State of Mind for the Plaintiff Brian Richardson and is Directly Relevant to His Claim of Post Traumatic Stress Disorder**

One of the most crucial aspects of any civil rights complaint is the credibility of the parties. In each of the charges to the jury the parties request that the Court charge on the issue of credibility. In this particular case the Plaintiff, Brian Richardson, wants to paint a picture for the jury that, after engaging in an armed robbery (with a gun), he willingly gave up to two police officers who caught up to him in the process of jumping one of many fences and, after having failed to obey commands to stop and, after having committed a crime which involved holding up at least four people at gunpoint and taking two bank bags of money and receipts, he was an unwilling participant in the robbery and subsequent events.

The Plaintiff's actions in the bar of brazen, careless actions is contrary to the Plaintiff's claims for emotional distress. The dangerous pursuit that followed, both in the automobile and on foot, are not contrary to the Plaintiff's very actions in the restaurant on George Street. The victims describe his actions as aggressive on that very night. The Plaintiff described his conduct on that night to be the result of alcohol and drugs which made him "bad." The actions in the bar, as well as in the backyards of the homes on Laurel Avenue and Elmwood, go to the Plaintiff's state of mind and his intentions to get away at all costs. The Plaintiff has included in his claims for damages an allegation that he was emotionally distressed as a result of

BMF05014                              2

the actions of the police officers. The Defendants are entitled to demonstrate to the jury that although Mr. Richardson professes a fear as a result of the weapons of the officers that, according to the witnesses Mr. Richardson brandished a weapon and placed it to the head of one of the victims who, thereafter, told the Court of the fear he instilled. This very same person now claims PTSD as a result of a shot fired at his car and the final apprehension. It should also be noted that during the course of his deposition Mr. Richardson denied having a gun at the time or engaging in the robbery. This is inconsistent with the testimony of the witnesses that Mr. Richardson had a handgun and, in fact, contrary to his admission in Court. This is certainly an issued of credibility as well as his demeanor and alleged frailty as a result of shooting and use of force to arrest. His behavior only minutes before the final encounter with Sergeant Reyes, Police Officer Delbouno and Police Officer Miranda is one continuous act on the same alcohol and drug high.

Lastly, the events at Solomar's Restaurant, and even the issue as to whether Mr. Richardson had a weapon that evening, has been denied by him and will very likely create issues addressing his credibility.

For the foregoing reasons, the Defendants respectfully request that they be permitted to introduce the testimony of his companion, Darnell Gibson, the owner of the Restaurant Bar, Manuel Texeira, who began the chase from his restaurant, and

possibly one customer in the restaurant to describe the events that led to the Herculean efforts to escape from Richardson and others along with the final results.

THE DEFENDANTS

By: *Barbara B. Massaro*
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #05746

## CERTIFICATION

This is to certify that a copy of the foregoing "Response to Plaintiff's Motion In Limine to Restrict the Testimony and/or Evidence Concerning the Robbery" has been mailed, postage prepaid, on this 26th day of January, 2005, to:

**Kenneth D. Heath, Esq.**
**Wiggin & Dana**
**One Century Tower**
**P.O. Box 1832**
**New Haven, CT  06508**

**Daniel Kalish, Esq.**
**Perkins Coie LLP**
**1201 Third Avenue, Suite 4800**
**Seattle, WA  98101-3099**

_____
Barbara Brazzel-Massaro