UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN RICHARDSON, | CIVIL ACTION NO. |
| Plaintiff, | 3:01CV1719 (EBB) |
| v. | |
| WILLIAM MIRANDA ET AL., | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE THE TESTIMONY OF JOSEPH SANCHO**

Plaintiff Brian Richardson offers the following points and authorities in opposition to Defendants' January 21, 2005 motion *in limine* to preclude the trial testimony of Joseph Sancho.

As noted in Defendants' motion, in August 2004 Plaintiff's counsel provided defense counsel with copies of written, notarized statements from three individuals: Joseph Sancho, Eric Bates, and Robert Johnson. Each of these statements supported Plaintiff's allegation that Defendants Miranda and Delbouno used excessive force in arresting him on April 22, 2001.[1] Plaintiff obtained these statements from the three witnesses while he was pursuing his case *pro se*, but he had only recently provided them to Plaintiff's counsel, who in turn provided copies to defense counsel consistent with the obligations of discovery.[2] As of August 2004, Plaintiff's

---

[1] In their pretrial memorandum, Defendants indicated that they intend to move to preclude the introduction into evidence of the statements themselves. Plaintiff recognizes that these statements, by themselves, are hearsay, and does not intend to offer them as exhibits or refer to them in its affirmative case.

[2] In their written discovery requests, Defendants sought production of any and all written statements by witnesses to Miranda's and Delbouno's conduct.

counsel was unaware of the whereabouts of any of the three witnesses, but represented in phone communications with defense counsel that they would provide her whatever contact information they could locate. Plaintiff's counsel also represented that, if they could locate these witnesses and confirm their accounts, they intended to call them to testify at trial. Ultimately, Plaintiff's counsel could locate only Mr. Sancho, who currently lives with his mother in New Jersey. After confirming Mr. Sancho's whereabouts in early November during a single, hour-long phone call, Plaintiff's counsel provided his contact information to defense counsel. *See* Defs.' Mot. Ex. A.

Defense counsel's inability to subpoena Mr. Sancho or otherwise discuss his testimony with him is unfortunate. It is, however, no fault of Plaintiff or his counsel. Plaintiff himself has not spoken to Mr. Sancho for quite some time. Plaintiff's counsel do not represent Mr. Sancho, nor have they advised him to avoid speaking to defense counsel regarding the case. In fact, Plaintiff's counsel expressly informed Mr. Sancho that he was free to discuss the case with anyone, including defense counsel, if he so chose. To date, Plaintiff's counsel have had no further communications with Mr. Sancho, and are presently attempting (thus far, unsuccessfully) to ensure his appearance to testify in court.

On these facts, Defendants' motion is ill-founded. Defendants seek to preclude Mr. Sancho from testifying on the sole ground that Plaintiff's counsel has been able to talk to him for one hour, while they have not. In that regard, Mr. Sancho is no different from any number of witnesses disclosed in Defendants' pretrial memorandum whom Plaintiff has had no opportunity to contact. Defendants have been aware of Mr. Sancho's existence since last summer, and have known his contact information as long as the Plaintiff. Further, Plaintiff has made no secret of the testimony he hopes to elicit from Mr. Sancho: Consistent with his written statement,[3] Mr.

---

[3] At the request of the Court, Mr. Sancho's written statement is attached at Exhibit A.

2

Sancho will testify that he saw Defendants Miranda and Delbouno physically abuse Plaintiff. In addition, Mr. Sancho will corroborate Plaintiff's account of Defendant Reyes' actions in shooting at the car in which both Plaintiff and Mr. Sancho were passengers. Finally, Defendants' inability to communicate with Mr. Sancho was not chargeable to Plaintiff, and barring successful service of a subpoena, Mr. Sancho was under no obligation to speak with defense counsel or her investigator. Notably, Defendants cite no authority for the proposition that a court should preclude a witness (neither a party nor represented by party counsel) from testifying simply because he refuses to talk to opposing counsel.

For the foregoing reasons, the Court should deny Defendants' motion to preclude Mr. Sancho's testimony.

DATED: January 27, 2005

Kenneth D. Heath (ct 26359)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel: 203-498-4400
Fax: 203-782-2889
E-mail: kheath@wiggin.com

Daniel Kalish (ct 24350)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
E-mail: dkalish@perkinscoie.com

Attorneys for Plaintiff
Brian Richardson

# **EXHIBIT A**

To whom this may concern;

I Joseph E Sancho III, Do hereby give this statement as to being true facts and myself as to being a witness to the horrific brutality imposed on Brian Richardson and others by certain officers in the Bridgeport Police Dept. On the night of April 22, 2001. I was in the area of Elmwood and Hazlewood Avenues and I saw two officers of the Bridgeport Police Dept. brutally beat down Mr. Richardson on the side of one of the houses on Elmwood Avenue as well as I heard offensive and derrogatory racial obscenities spurred out at Mr. Richardson by the officers. I saw the officers brutally and viciously punch, kick, and stomp on Mr. Richardson's head numerous times, obviously unnecessarily. I mean, Mr. Richardson was apparently being placed under arrest, but he was already on the ground while this attack was taking place. Mr. Richardson was screaming in agony and pain from the vicious blows and begging the officers to stop beating and kicking him. The officers obviously took advantage of the situation and I think the mannerism in which the officers acted was ~~unused~~ unusually cruel and evil with malicious intent, not to mention it was ridiculously unproffessional. I give this statement in light of and hopes that the actions of the officers involved here are scrutinized and given the proper attention in the appropriate court of law and justice is served accordingly.

Sincerely,
Joseph E Sancho III

SHAYNE HESKEY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 01/22/08

CERTIFICATE OF SERVICE

On January 27, 2005, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing:

Barbara Brazzel-Massaro, Esq.
City Attorney's Office, City of Bridgeport
999 Broad Street
Bridgeport, CT 06604

    X    Via hand delivery
    ___  Via U.S. Mail, 1st Class, Postage Prepaid
    ___  Via Overnight Delivery
    ~~X~~  Via Facsimile
    ___  Via E-filing

I certify under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

DATED at New Haven, CT, this 27th day of January, 2005.



Kenneth D. Heath

4