UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:01CV1719 (EBB) |
| v. | : | |
| WILLIAM MIRANDA, ET AL., | : | January 28, 2005 |
| Defendants. | : | |

### PLAINTIFF'S OBJECTION TO EXHIBITS
### DISCLOSED IN DEFENDANTS' PRE-TRIAL MEMORANDUM

On January 21, 2005, Defendants submitted their pre-trial memorandum to this Court and listed 19 documents they intend to introduce in their case-in-chief. Pursuant to section 11 of the Standing Order Regarding Trial Memoranda in Civil cases, Plaintiff offers the following objections and asks the Court to exclude certain exhibits at trial..

**A.    Prior Criminal Record of Brian Richardson (#5 exhibit disclosed)**

Rule 609(a) of the Federal Rules of Civil Procedure states that a party may impeach a witness by evidence that the witness was convicted of a crime that was punishable by death or imprisonment in excess of one year so long as the Court determines that the probative value of admitting this evidence outweighs its prejudicial value. FED. R. EVID. 609(a).

Plaintiff now moves this Court to exclude the introduction of any evidence, including a prior criminal record, that shows that a crime was committed by Plaintiff Brian Richardson unless Mr. Richardson was convicted of that crime and that crime was punishable by imprisonment in excess of one year.

**B.    Incident Report 010324309 dated March 24, 2001 (#16 exhibit disclosed)**

Plaintiff moves this Court to exclude the introduction of an incident report dated March 24, 2001 regarding the theft of a weapon. In addition to being irrelevant to the case, which concerns the events of April 22, 2001, it is also highly prejudicial, as (Plaintiff assumes) Defendants intend to draw an inference that Plaintiff is somehow responsible for the alleged theft. Moreover, the alleged theft, if it in fact occurred, did not result in a conviction (of anyone) punishable by more than a year in prison. *See* FED. R. EVID. 609(e) (discussed above); *see also* FED. R. EVID. 608(b); 403.

**C.    Plaintiff Reserves the Right to Challenge the Admissibility of Documents That Neither Plaintiff, Nor His Attorneys, Have Seen**

Plaintiff has yet to see several documents disclosed in Defendants pretrial memorandum. Although Plaintiff anticipates that many of these documents will be unobjectionable, Plaintiff reserves his right to challenge the admissibility of these exhibits at trial:

- -- Photographs of Laurel, Elmwood, and Hazelwood Avenue (#1 exhibit disclosed)

- -- A copy of the tape of the CAD transmission on the evening of the arrest beginning at the time of a call by Officer Feola as he began following the car up until the arrest of the Plaintiff (#3 exhibit disclosed)

- -- Six (6) aerial photographs of the perimeter of Laurel, Hazelwood, Elmwood and Wood Avenue (exhibit #9 disclosed)

- -- Map of the City of Bridgeport regarding the area of Laurel, Elmwood and Hazelwood Avenue (#11 exhibit disclosed)

- -- Videotape of area involved in the foot pursuit and the car pursuit of April 22, 2001 (#13 exhibit disclosed)

- -- Police Department UAR Report of Brian Richardson (#19 exhibit disclosed)

- -- Replica of nine millimeter pistol (disclosed in Defendants' January 25, 2005 Amendment to their trial memorandum); regarding this exhibit, Plaintiff is uncertain whether this disclosure refers to a replica of the Defendants' service weapons, or some other weapon (such as one that was allegedly in Plaintiff's

possession during the robbery preceding his arrest, despite Plaintiff's consistent denial that he ever possessed a weapon that night). If the latter is the case, Plaintiff strenuously objects on grounds of undue prejudice.

DATED: January 28, 2005

_____
Kenneth D. Heath (ct 26359)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel: 203-498-4400
Fax: 203-782-2889
E-mail: kheath@wiggin.com


_____
Daniel Kalish (ct 24350)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: 206-359-8000
Fax: 206-359-9000
E-mail: dkalish@perkinscoie.com

Attorneys for Plaintiff
Brian Richardson

## CERTIFICATE OF SERVICE

On January 28th, 2005, I caused to be served upon counsel of record, at the address stated

below, via the method of service indicated, a true and correct copy of the following documents:

Barbara Brazzel-Massaro, Esq.
City Attorney's Office, City of Bridgeport
999 Broad Street
Bridgeport, CT 06604

| | |
|---|---|
| __X__ | Via hand delivery |
| ____ | Via U.S. Mail, 1st Class, Postage Prepaid |
| ____ | Via Overnight Delivery |
| ____ | Via Facsimile |
| ____ | Via E-filing |

I certify under penalty of perjury under the laws of the State of Connecticut that the

foregoing is true and correct.

DATED at New Haven, CT, this 28th day of January, 2005.

_____
Kenneth D. Heath