UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN RICHARDSON                    :
        Plaintiff,               :      CIV. NO. 3:01CV1719 (EBB)
vs.                                 :
WILLIAM MIRANDA, ET AL              :
        Defendants               :      FEBRUARY 7, 2005

## DEFENDANTS' OBJECTIONS TO THE PLAINTIFF'S PROPOSED EXHIBITS

The Defendants hereby submit their objections to the following proposed exhibits of the Plaintiff as noted in the Trial Memorandum dated January 21, 2005.

### I. Exhibits 1, 3, 4, 5, 6 and 8

The exhibits listed above are noted as reports of various police officers who are expected to testify at the time of trial. Each report contains hearsay statements. Additionally, the information which is not hearsay is cumulative with the testimony and evidence presented by the officers. There is no basis to believe at this time that the officers' testimony will be incomplete, uninformative or contrary to the reports as a basis for admission. Each of the reports refer to information that is not based solely upon the experience or actions of the declarant but instead are based upon information accumulated from other sources. To this extent, admission of such

BMF05018

1

reports leaves doubt and confusion as well as being prejudicial to the Defendants because the information cannot be specifically attributed to the declarant.

Therefore, the incident reports, without a further basis and foundation, should not be admissible simply as police reports.

## II.  Exhibits 7 and 8 – Firearms Report

The Plaintiff has proposed, as Exhibits 7 and 8, a report and December 21, 2001 Review and Findings of Firearms Discharge Review Board and attachments as exhibits.

The Defendants object to the introduction of the finding and any attached reports to be introduced as exhibits because the finding includes hearsay statements as well as expressing a finding that is for the jury. Such reports contain multiple hearsay and, based upon this fact, should be excluded. The reports, as attached, are done as part of a review process within the Bridgeport Police Department and determine if the discharge by a police officer of his weapon was within the Rules and Regulations of the Bridgeport Police Department (Use of Force Policy #4.6, Section 4.63.43). This fact, in and of itself, creates an issue that the documents are prepared for a final resolution that considers different criteria than the claims in this case but could be confusing to the jury and thus should be excluded pursuant to Federal Rule of Civil Procedure 403. Additionally, the use of such reports to provide facts which are no more than hearsay should not be permitted pursuant to Rule 801.

Lastly, the use of a review board that simply accepts reports with no evidence of an independent hearing or a specific review to determine the accuracy of any statement is prejudicial and confusing. Pursuant to Federal Rule of Civil Procedure 403, such cumulative reports, which appear to parrot other reports, have absolutely no probative value that can outweigh the prejudicial effects and confusion of the issues.

### III. <u>Exhibits 12, 13, 14 and 15</u>

The Plaintiff has proposed the introduction of police training schedules and department training materials regarding the "Police and the Law."

The Plaintiff withdrew any action against the Bridgeport Police Department in reference to the allegations in this complaint. There is no <u>Monell</u> claim pending in which the Court would review the training materials for the officers to determine if there was a training deficit. The introduction of the class entitled "Police and the Law" and the training schedule of the officers is not only irrelevant but, in accordance with Rule 403, creates confusion and an undue use of time for the presentation of evidence that will not aide in the resolution of issues. The Plaintiff's claim that the three officers utilized excessive force is sufficiently addressed by case law in the charge as to what is deemed a use of excessive force. It will be left to the jury whether the facts and circumstances in this action lead a reasonable person to believe that the officers' conduct violated the Plaintiff's constitutional rights. This case is not one of whether the officers followed proper training sequence or, in fact,

BMF05018

how to decipher and define such duties but whether, given the law and given the circumstances, the officers' conduct amounts to a constitutional violation. If the Court is to incorporate "training schedules" and case curriculum, it will lead to irrelevant and possibly confusing information given to the jury. Therefore, such training materials should not be admitted as an exhibit.

### IV.    Exhibits 10, 17 and 18

The Plaintiff requests, without foundation, to admit discovery responses of the officers. The responses to the questions proffered by the Plaintiff contained objections and, in some instances, information which would not be admissible as prejudicial and confusing such as prior civilian complaints or any other legal actions. Interrogatories are not subject to admission as exhibits simply because the Defendants offered information. The basis of discovery is to gather information likely to lead to admissible evidence but not always in and of itself admissible. Without any foundation, the Defendants contend the discovery responses are inadmissible and request that the Court preclude any inquiry.

### V.    Exhibits 19 and 20 Are Inadmissible

During the course of the Defendants depositions the Plaintiff asked each of two Defendants to draw a diagram. In both instances objections were raised by counsel and even the officers. In both depositions the concerns with attempting to

draw a diagram were that they were not to scale and would be misleading (Exhibit A – Deposition Transcript of Reyes at pages 38-41 and Delbouno at pages 63-65).

The attempt to use such diagrams is misleading, inaccurate and prejudicial to the Defendants. For instance, when Officer Delbouno was requested to do a drawing, he stated "I don't know how accurate that will be." Counsel voiced objections for both but permitted him to give some frame of reference for an explanation. As such it is prejudicial to now attempt to utilize the sketches.

For instance, counsel for the Plaintiff attempted to have Officer Reyes demonstrate where the cars were located at the time of the shooting (Exhibit A at pages 38-41). However, upon cross examination, he was clear that he could not be certain specifically where the car was when he discharged the round (Exhibit B at page 71). He stated that he could not testify if car changed direction before or after he discharged his weapon (Exhibit C – Deposition at page 74). Because hey are simply sketches with no attempt to provide any type of accurate basis, the diagrams should not be admissible.

## VI.   Exhibits 21, 22, 23 and 24

The Plaintiff offers the curriculum vitae's of the individuals he has listed as experts and the reports that they are utilizing for their testimony. None of the proposed exhibits in and of themselves are admissible. The curriculum vitae's of each of the proposed experts contains information that is cumulative. In all

likelihood the education and experience of each should be addressed as testimony before the Court recognizes the expertise.

As to the opinion letters of the proposed experts, again, the introduction is merely cumulative and inadmissible and contains information regarding only consultations that are not admissible. Some aspects of the opinions by the proposed experts, such as assumptions without supporting documentation, may not be admissible at the time of trial and, therefore, the Defendants object to the admission of the cumulative and irrelevant information of the experts as an exhibit at trial.

THE DEFENDANTS

By: *Barbara B. Massaro*
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #05746

BMF05018

## CERTIFICATION

This is to certify that a copy of the foregoing "Defendants' Objections to the Plaintiff's Proposed Exhibits" has been mailed, postage prepaid, on this 7th day of February, 2005, to:

Kenneth D. Heath, Esq.
Wiggin & Dana
One Century Tower
P.O. Box 1832
New Haven, CT  06508

Daniel Kalish, Esq.
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099

*Barbara B. Massaro*
Barbara Brazzel-Massaro

BMF05018                                    7