## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

**FILED**

, 2003 MAY 19  P 3: 23

BRIAN RICHARDSON

US DISTRICT COURT
BRIDGEPORT CT

v.                    CIVIL NO: 3:01CV1719 (JCH)

WILLIAM MIRANDA, ET AL.

## <u>APPOINTMENT OF PRO BONO COUNSEL</u>

Pursuant to Local Rule 29 and at the Court's request, <u>Daniel Kalish, Esquire, of</u>

<u>Wiggin & Dana, One Century Tower, P.O. Box 1832, New Haven, Connecticut 06508,</u>

<u>Tel: (203) 498-4400</u> is appointed as *pro bono* counsel for the plaintiff, <u>Brian</u>

<u>Richardson</u>, in the above-captioned case.  Counsel is directed to file a *pro bono*

appearance form as soon as possible.

Dated at Bridgeport, Connecticut this 19th day of May, 2003.


KEVIN F. ROWE, Clerk
By


Cynthia Earle,
Staff Attorney



## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN RICHARDSON | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | 3:01CV1719 (JCH) |
| WILLIAM MIRANDA, ET AL. | : | |
| | : | June 19, 2003 |
| Defendants. | : | |

### Second Scheduling Order

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1.     Discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed by October 18th, 2003.

2.     The plaintiff shall file an amended complaint by July 18, 2003.

_____
United States District Judge

_____
Date



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BRIAN RICHARDSON            :         CIVIL ACTION NO.

          Plaintiff,      :

   v.                 :         3:01CV1719 (JCH)

WILLIAM MIRANDA, ET AL.    :

                      :         June 3, 2003

          Defendants.    :

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Please enter my appearance as counsel in this case for Plaintiff Brian Richardson.

Kenneth D. Heath (ct23659)
WIGGIN & DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
Tel. (203) 498-4400
Fax (203) 782-2889
kheath@wiggin.com



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRIAN RICHARDSON | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | 3:01CV1719 (JCH) |
| WILLIAM MIRANDA, ET AL. | : | |
| | : | October 31, 2003 |
| Defendants. | : | |

## DISCLOSURE OF EXPERT

Pursuant to Rules 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Brian Richardson hereby discloses the following expert who may be called at trial.

### I.    Name and Business Address

David Reed Johnson, Ph.D
Post Traumatic Stress Center, L.L.C.
19 Edwards St.
New Haven, CT 06511

### II.    Statement of Opinions

A statement of the opinions to be expressed by Dr. Johnson are set forth in the attached report of Dr. Johnson (Exhibit A). Dr. Johnson may also provide opinions in rebuttal to those witnesses called by defendants.

In accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Dr. Johnson's report is attached hereto as Exhibit A.



1



**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BRIAN RICHARDSON                      :
                         Plaintiff,          :          CIV. NO. 3:01CV1719 (JCH)
    vs.                                       :
WILLIAM MIRANDA, ET AL              :
                         Defendants         :          JANUARY 14, 2004

### RE-NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the Defendant, the City of Bridgeport, will take the deposition of **David Reed Johnson, Ph.D.** on **Thursday, January 22, 2004 at 9:00 a.m.** at the **Office of the City Attorney, 999 Broad Street, Bridgeport, Connecticut** before a competent authority.

The deponent is requested to bring the documents noted in the attached Schedule "A".

THE DEFENDANTS
AND THE CITY OF BRIDGEPORT

By: _Barbara B. Massaro_
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Tel: #203/576-7647
Fed. Bar #05746

BMF04014                          1



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**COPY**

---

BRIAN RICHARDSON

          X     CIVIL CASE NO.
     Plaintiff(s)     3:01CV1719 (JCH)


   -vs-           X

WILLIAM MIRANDA, ET AL

          X     MAY 5, 2004
     Defendant(s)

---

SESSION II

DEPOSITION OF DAVID READ JOHNSON, Ph.D.


Pretrial deposition taken in the above-entitled

action on behalf of the defendant(s), before Dawn C.

Cuff, Lic. No. 00142, a Notary Public, pursuant to

the Practice Book Civil Rules of Procedure, at the

Post Traumatic Stress Center, 19 Edwards Street, New

Haven, Connecticut.


COMPUTER REPORTING SERVICE - (203) 234-1144



**CITY OF BRIDGEPORT**
# OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

February 5, 2004

Attorney Daniel Kalish
Wiggin and Dana
One Century Tower
New Haven, Connectitut

RE:  Richardson v. Miranda, et al.

Dear Attorney Kalish:

I have not heard from you regarding a date to continue the deposition of Dr. Johnson.  Please provide me with some dates so that we can complete.  As I indicated before I am willing to go to New Haven to complete the deposition.

Additionally, I would like to clean up some discovery items before we get to trial. I had an authorization that Attorney Heath took with him the day of Mr. Richardson's deposition to obtain his military history but have not received any information related to the military record.  Please check with him and provide me with an update or the information.

Lastly, your client indicated that he attended a school by the name or Nash High School in North Carolina.  I would like to contact the school to determine what if any information they have regarding Mr. Richardson.  I will need an authorization.  Please provide me a release for any and all school records of your client.

Very truly yours,

Barbara Brazzel-Massaro

34

CITY OF BRIDGEPORT
## OFFICE OF THE CITY ATTORNEY

**CITY ATTORNEY**
Mark T. Anastasi

**DEPUTY CITY ATTORNEY**
Salvatore C. DePiano

**ASSOCIATE CITY ATTORNEYS**
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

999 Broad Street
Bridgeport, Connecticut 06604-4328



**ASSISTANT CITY ATTORNEYS**

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

**LEGAL ADMINISTRATOR**
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

BY FAX AND FIRST CLASS MAIL

February 23, 2004

Attorney Daniel Kalish
Wiggin and Dana
One Century Tower
New Haven, Connecticut

RE:  <u>Richardson v. Reyes, etal</u>.

Dear Attorney Kalish:

I received what appears to be a copy of the military authorization from your clients. I am sure you are aware that the manner in which this authorization was completed does not satisfy the instructions or the requirements to allow the defendants to obtain the information. I am assuming you have also requested the information and have had better success. Please let me know what you have done. If you have requested or received any information from the military please send me a copy.

As to the continued deposition of Dr. Johnson, I did not get a new date from you so that it could be completed. I would like to have this completed so that I can provide it to my expert. Please provide me with dates that you and Dr. Johnson are available.

Lastly, the doctor I have consulted regarding Mr. Richardson has indicated that before he can render an opinion, he will need to meet with your client. In accordance with your representation that you did not have any preference as to the scheduling of this examination, I have scheduled a tentative meeting on Friday, February 27, 2004 at 2 p.m. for the examination and testing. We are presently trying to confirm this date with the counselor for Mr. Richardson. If you have any questions, please contact my office.

Very truly yours,

Barbara B. Massaro

Barbara Brazzel-Massaro

34

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

**CITY OF BRIDGEPORT**
# OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328



ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

April 29, 2004

Attorney Kenneth Heath
Wiggin and Dana
One Century Tower
New Haven, Connecticut

RE:  <u>Brian Richardson v. Miranda</u>, Civ. No 3:01CV1719
Expert Examination of Mr. Richardson

Dear Attorney Heath:

The last time we talked about the experts in this case, I though you were suppose to look at the file a little more carefully and determine if there you were going to agree to a date for my expert to complete the evaluation of your client. I have not heard back form you and expect to complete the deposition of Dr. Johnson on May 5, 2004.

Please let me know by Thursday because if you will not allow the testing than I will need to either file a motion or disclose my expert to give a report based on the limited examination.

Thank you for your attention to this matter.

Very truly yours,

Barbara B Massaro

Barbara Brazzel-Massaro
Associate City Attorney

CITY OF BRIDGEPORT
**OFFICE OF THE CITY ATTORNEY**
999 Broad Street
Bridgeport, Connecticut 06604-4328



CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 31, 2004                    BY FAX (203) 782-2889

Attorney Daniel Kalish
Wiggin and Dana
One Century Tower
New Haven, Connecticut

RE:  Richardson v. City of Bridgeport, etal.

Dear Attorney Kalish:

      I received your voice message and letter regarding the expert testing of your client as well as the re-scheduling of the deposition of Dr. Johnson. I was surprised by your letter indicating for the first time after the City had already scheduled the testing of Mr. Richardson that you now believe it is unnecessary. I explained to you at length in our telephone discussion that our expert believes that after meeting Mr. Richardson, he cannot give a full evaluation of Mr. Richardson without the use of approved psychological tests to evaluate his mental capacity. As I stated I do not want to be in the position of having an expert provide an opinion that is shabby or weak because there are accepted methods to analyze the verbal statements of the individual. It appears that Dr. Johnson did not do any testing and simply relied upon the statements of Mr. Richardson. It would be wise to have a complete evaluation for all parties in this action. Therefore, if you insist that Mr. Richardson may not be tested, I will file a motion with the court to permit the completion of his evaluation. At this stage, your objections have already resulted in weeks of delay in completing the full psychological evaluation that my clients are entitled to have as their defense.

      As to the scheduling of Dr. Johnson, it appears that our recollections are a little different. Yes, I did cancel the continued deposition as a caution because of inclement weather. Since that date I have not received any dates from you to re-schedule although I have called and left many messages and discussed this with you in court. The dates that you have provided give me absolutely no advance notice and you should know that it is impossible to schedule with only two to three days notice. I would suggest the following dates for the continued deposition, April 8 or 13 all day, April 14 in the morning or April 26 in the morning only. I do have a jury trial beginning the week of the 19th of April and

a matter scheduled for most of the week of April 26, 2004.  I also have some limited availability in May especially the first week (May 4,5,and 6).  Please discuss these seven dates with Dr. Johnson and get back to me.

Very truly yours,

Barbara Brazzel-Massaro

 

SPECTRUM PSYCHIATRIC GROUP, P.C.

July 20, 2004

Barbara Brazzel-Massaro
Associate City Attorney
City of Bridgeport
Office of the City Attorney
999 Broad Street
Bridgeport, Connecticut 06604-4328

Re:  Brian Richardson

Dear Attorney Brazzel-Massaro,

        Pursuant to your request for a psychiatric
evaluation of Brian Richardson to determine if he
sustained any psychiatric injuries as a result of his
apprehension by the Bridgeport police on April 22, 2001,
I reviewed the following material.

The statement of Darnell Gibson to the Bridgeport police,
dated 5/01/01; the arrest report of officer William
Miranda, dated 4/22/01; the report of police officer
Feola, dated 4/22/01; Brian Richardson's medical records
from the Connecticut Department of Correction through
6/23/03, the Nash Country school records for Brian
Richardson through high school; the report of the Office
of Adult Probation Connecticut Judicial Department of
parole officer, M.Goodwin, dated January 18, 2002; the
report of Manuel Teixeira, dated April 23, 2001; the
report of Fernando Correira, dated April 25, 2001; the
report of Jorge Goncalves, dated April 23, 2001; the
deposition of Brian Richardson, dated November 18, 2003;
the deposition of David Reed Johnson, Ph.D., dated
January 22, 2004 and May 5, 2004; and the report of David
Reed Johnson to Attorney Dan Kalisch of Wiggin & Dana,
dated October 27, 2003.  In addition, I interviewed Brian
Richardson for purposes of psychiatric evaluation on
February 27, 2004 at the Garner Correctional Institution

}
0 Washington Avenue
Suite 304
Hamden, CT 06518
T (203) 281-2890
F (203) 281-2896

July 20, 2004
Re:  Brian Richardson
Page Two

in Newtown, Connecticut for approximately one hour and
forty-five minutes.

In my opinion, while Mr. Richardson endorses many
psychological symptoms and physical symptoms, there is a
consistent pattern of distortion, exaggeration and
contradiction that make his self-report entirely
unreliable.  While he does seem to describe some symptoms
that might be compatible with posttraumatic stress
disorder, there are many contradictions to his history in
his own self report that make this an extremely unlikely
diagnosis.  I believe that Mr. Richardson's current
description of his symptomatology is not believable and
is motivated by factors other than major psychiatric
disorder.  My reasons for these opinions follow.

Narrative Summary:  Mr. Brian Richardson is a 29 year
old, African American male, who currently is incarcerated
at the Garner Correctional Institution, having been
convicted of three counts of armed robbery in the first
degree.  He was convicted of being one of two males who
entered Solomar's Restaurant in Bridgeport on April 22,
2001 and robbed three individuals armed with a knife and
a gun.  He currently is serving a sentence for these
offenses.  Mr. Richardson states that while he was in a
car fleeing the crime scene, the police shot at his
vehicle and they then beat him fairly severely at the
time of his arrest.  Despite having been convicted and
identified as carrying a gun by three eyewitnesses, Mr.
Richardson continues to proclaim his relative innocence.
He does admit to being in the bar and taking a bag of
cash, but denies that he was carrying a gun.  On the day
of the robbery and alleged assault by the police which
resulted in his claim of posttraumatic stress disorder,
Mr. Richardson admits that he was both drinking and
"smoking weed".  At that time, he was in a vehicle with
two friends.  He states that they pulled the vehicle over
because he had to urinate.  After they got out of the
car, his friend motioned him to follow him and they
entered Salimar's restaurant.  Shortly after entering the
restaurant, he realized that his friend was committing a
robbery because he banished a gun and started ordering
people around.  He states that he took a bag of cash that

July 20, 2004
Re:  Brian Richardson
Page Three

he saw hanging behind the bar and ran out.  He got in the car to flee and was chased by the police.  He gives a detailed description of the chase, where the police car was situated behind his car and how it cut them off.  He recalls being shot at while they were speeding away.  He then states he got out of the car and ran because he was convinced that the police were going to kill him.  He started running down the sidewalk and ran into a backyard and hopped over a fence and hid in the corner.  He states that two police came around the corner and saw him.  They had their guns drawn.  They ordered him to put his hands up and he immediately raised both his hands.  He states that he made no effort to resist arrest.  One of the two police officers came over and, unprovoked, hit him on the top of the head with a gun.  He stumbled and then they hit him again.  He states that he fell and was on the ground balled up.  The police kicked him several times while he was down and he scraped his face on the street.  They then put a knee into his back into the cement.  He states they stood him up, yelled racial slurs, dragged him into the car and slammed him into the car.  He states he saw the faces of both officers clearly and will never forget them.  He states that they continued to yell racial epitaphs at him and forced him into the car.  Once he was in the back seat of the car, he states that he blacked out for many minutes and did not come to until he reached the police station.  He states that he told the officers that his hand hurt and that his head hurt and they did nothing to help him.  He states that it was not until many hours after his arrest that he received medical attention and that he required stitches for a cut on the top of his head.

He states that his memory has been impaired since the day of the accident that he attributes to a head injury.  He states that he continues to have nightmares about this event.  He states that he has nightmares which are recurrent that consist of being whipped with a pistol over and over again.  He states that he has flashbacks of the event.  When asked to explain what he means by "flashbacks", he states that he sees the officers chasing him in the car shooting at him.  When asked if he actually remembers that happening from the day of the

July 20, 2004
Re:  Brian Richardson
Page Four

incident, he states that he was aware that they were
being chased and that a gun was being shot at him.  He
states that he has repeated dreams of a gun being pointed
at him and someone firing the gun.
Currently, he describes that he continues to have
nightmares, but less often, and that he has a fear of the
guards.  On three occasions, a guard passed by the office
where I was interviewing Mr. Richardson.  Mr. Richardson
appeared to notice the guard on all three occasions.
Shortly after he told me that he was afraid of guards,
the guard passed by for a third time and he jumped up and
stood in the corner and pointed out that was an
illustration of his fear of the guard.  He complains he
has backache, headache and blurred vision that he
attributes to the beating that he endured at the hands of
the police officer.  He states that he has tingling and
palpitations in his chest at times.  He states that he is
on medications, but they are not working well.  He does
not know the name of his current medications.  He
expresses concern and anxiety over the degree of his
memory problems and wonders if the accident has caused
him to have Alzheimer's disease.  At one point, he states
that he is young for Alzheimer's at age 29.

**Mental Status Examination:**  Mr. Richardson stated it was
February, 2004.  He did not remember the date in February
or the day of the week.  He stated that he was in the
Garner Correctional Institution and that he had
approximately two and one-half years left on his
sentence.  Currently, he was in H block because of his
medical difficulties.  He knew Garner was located in
Connecticut, but did not know the city.   When asked to
name the last five presidents, he could name Bush, but no
others.  Initially, he stated he was unable to perform
serial sevens.  When given a pen and paper, he was able
to state that 7 from 100 was 93, that 7 from 93 was 86,
that 7 from 86 was 79, that 7 from 79 was 72.  He stated
that he was unable to do this in his head since the head
injury had made it very difficult for him to do math.  He
could not add 7 plus 6.  He states that he has no
strength and no grip since the accident.  When asked to
spell "world" backwards, he was unable to proceed with
the first letter.  When asked to spell "world" forwards,

July 20, 2004
Re:  Brian Richardson
Page Five

he was unable to spell "world". He was then asked to repeat three words forward. I stated "ball, flag, tree". He immediately muttered "ball, flag, tree, oh I can't remember them, I have no idea what you asked me to remember". When then asked to try harder if he could to remember any of the objects that I asked him to name, he said he was unable to recall them. Five minutes later when I asked him if he could remember any of the objects, he could remember "ball". While he was rather anxious during the interview, he seemed eager to please and eager to convey his degree of subjective stress to me. When asked to write a sentence, he was able to legibly print "My name is Brian.". When asked to draw a clock with the hands showing eight o'clock, he correctly drew a clock face, numbered it correctly and accurately and showed the hands correctly pointing to eight o'clock.

Personal History: Brian Richardson was born on January 12, 1975 in Newark, New Jersey. His parents were married, but divorced when he was in early adolescence. He has a step-sister who is approximately seven years younger named Keisha. He has not had any contact with his sister for many years. He states that he primarily was raised by his mother and that she died approximately four years ago. He has had no contact with his father in many years. At some point during childhood, he relocated to North Carolina where he attended Nash High School and received average grades. He was athletic in high school and played football, basketball and was on the track team. He states that he received a scholarship to attend East Carolina and attended college for two years after graduation. He states that he had to quit in order to support his three children, ages six, ten and eleven. The children are living with their mother in Raleigh, North Carolina. He states that they write to each other, but do not talk. He states that he joined the National Guard after high school and went to Italy and had no war experience. He left the National Guard early with a honorable discharge after three years in order to work. He is vague about when he attended college and when he was in the National Guard. He states that approximately a year prior to his arrest, he left North Carolina and came to New York. He then drove up to Bridgeport for reasons that he is very vague about. He states that he

July 20, 2004
Re: Brian Richardson
Page Six

has worked odd jobs in construction and mostly hung out with the wrong crowd. He admits to smoking weed and drinking sporadically. He denies the use of other drugs. He is unclear how he was supporting himself without any regular income prior to his arrest. He denies ever using cocaine, crack or heroin. He admits to trying Ecstasy once.

**Medical History:** Mr. Richardson states that his medical history is unremarkable, without serious medical problems or surgeries.

Mr. Richardson is currently on medication. He is unclear what medication he is taking.

Review of the Department of Corrections medical record reveals that he was treated up until a year ago with Zoloft, Wellbutrin, Sinequan and Neurontin. I am unable to determine the dosages. The medical record also reveals that over the course of a year and one-half, Mr. Richardson complained of flashbacks, mood swings, anxiety, memory difficulties, headaches, numbness and tingling in his left leg and upper extremities and visual problems.

Dr. Johnson's evaluation on September 17, 2003 revealed a Mississippi PTSD score of 134, a CAP score of five in all three dimensions and a SCL 90 score of 2.58.

Impressions: Brian Richardson has some symptoms that are compatible with the diagnosis of posttraumatic stress disorder, namely a vague complaint of flashbacks characterized by reportedly remembering being chased by the police and feeling like he is being shot at, nightmares which consist of dreams of a policeman pointing a gun at him and a reported startle response to events that remind him of the physical beating that he reportedly took at the hands of the police on the night of his arrest. He has additional complaints of mood swings which he has difficulty characterizing, but describes as sometimes feeling very down, other times feeling very anxious and at times, he admits to feeling "okay". He also has had multiple physical complaints,

July 20, 2004
Re:  Brian Richardson
Page Seven

namely, headache, back pain, numbness and tingling, blurred vision and memory loss which he attributes directly to the physical injuries he received while being arrested.  It is also significant that when being tested by Dr. Johnson, he received some remarkably high scores in all three scales that were used that would be compatible with severe psychiatric stress and distress.

All psychiatric diagnoses are based on the individual's history as they present it; the clinician's observation of the individual during a structured interview; at times ancillary psychological testing reports; the medical record; and any ancillary medical testing.

Results from the clinical interview:

1.  Mr. Richardson presents as affable, anxious, but eager to please.

2.  Mr. Richardson presents with difficulty remembering personal history, being unable to characterize his adult history, his relationship with his children, remember his time in college, has only vague recollections of being in the service and is unable to explain how he came to be living in Bridgeport or what he was doing to support himself.  He does, however; remember with crystal clarity the events of April 22, 2001 where he was arrested and convicted of armed robbery.  He remembers these events with absolute clarity, despite the fact that he admits that he was smoking marijuana and drinking at the time and got out of his car on a public street to urinate.

3.  Mr. Richardson presents severely impaired on a simple mental status exam in some areas, but highly functional in others.  For example, he could correctly draw a clock face with the correct time, the hands and numbers, but he is unable to subtract 3 from 100 or 7 from 100.  He was, however, able to do subtraction when given a pencil and paper to do arithmetic on.

4.  When asked to repeat three objects, Mr. Richardson immediately repeated them correctly, and then stated that he could not remember them, and then said that he had no

July 20, 2004
Re:  Brian Richardson
Page Eight

recollection of what I asked him.  When asked to recall
the objects five minutes later, he was able to recall one
of the three objects.

5.  Mr. Richardson stated that he had aversion to the
guards because of the meeting that he took and he was
hypersensitized to their presence.  On two occasions, a
guard passed by our window and looked in.  Mr. Richardson
appeared to notice the guard, but made no response.
Later in the interview when he was explaining to me his
reaction to guards, the guard passed by, Mr. Richardson
jumped up and went against the wall and said, "See,
that's what happens whenever I see a guard".

6.  Mr. Richardson claims that his memory is completely
intact for the events that happened on April 22, 2001,
that he was ignorant of any crime that was about to be
committed, that he did not have a gun, that he did not
participate in the activities and that he was fooled into
going into the bar by his companion, thinking they were
just going to look for a bathroom.

Data from the Written Record:

1. Three eyewitnesses of the crime on April 22, 2001
identify Mr. Richardson as holding a gun and threatening
them.

2.  The owner of the bar reportedly got in his car and
followed the car that Mr. Richardson got into carrying a
bag of cash from the bar.  The owner then called the
police who responded to his call on the cell phone and
engaged the car in a high-speed chase.

3.  The report submitted by M. Goodwin at the time of
sentence on January 18, 2002, indicates that Mr.
Richardson stated that he fought in Desert Storm.  He
also indicates that the defendant told her that he began
using illegal substances at age 14, and that he used
angel dust, cocaine and marijuana.

July 20, 2004
Re:  Brian Richardson
Page Nine


4.  The testing results from Dr. Johnson indicate an individual who has suffered severe and perhaps, repeated trauma on the level of someone who has experienced multiple sexual assaults or war combat.

5.  The medical records reveal an individual who has had multiple physical and psychological complaints over the last year and one-half, including severe memory problems.

6. There are numerous examples of discrepancies in Mr. Richardson's history that are difficult to explain. Three eyewitnesses describe the events on April 22, 2001 entirely differently than Mr. Richardson explains them. Despite pleading guilty to events on that day, Mr. Richardson states that he is innocent and that he never had a gun at any time during the robbery and was simply an unwitting accomplice.  In addition, Mr. Richardson has very clear memory for the events of that day, including prior to the robbery, entering the restaurant and being chased by the police.  This is in marked contrast to all of his memory difficulties in other areas, including his personal history, his time in the service, when he went to school, his relationship with his children, his drug use and his mental status examination.  Mr. Richardson's mental status examination is actually quite puzzling.  He can correctly perform certain tasks that indicate an intact cognitive functioning on the one hand; on the other hand, he is unable to do simple arithmetic in his head and denies being able to recall even three objects presented to him, despite being able to immediately repeat them.   The discrepancies in Mr. Richardson's memory are numerous and very difficult to explain from any psychological or physiological standpoint.  If Mr. Richardson, in fact, has significant brain damage as a result of events of April 22, 2001, why can he recall with crystal clarity all the events that took place that day?  (There is no medical documentation of any significant brain damage.)  This is particularly hard to understand, given that he admits to "smoking marijuana and drinking" prior to those events occurring.  It appears that the only area where Mr. Richardson believes that his memory is functioning in a completely intact way is for the events

July 20, 2004
Re:  Brian Richardson
Page Ten


of April 22, 2001.

Dr. Johnson notes that he has extremely high scores on
the psychological tests on the rating scores that he
administered.  These scales do not have any internal
methodology for checking for malingering.  In fact, the
CAP scale relies is a clinician rating scale; the
Mississippi scale is a self-reported scale; and the
symptom checklist is essentially a self-reported scale.
The scores that Dr. Johnson reports Mr. Richardson as
having in these tests are compatible with an individual
who spent significant time in combat or was traumatized
multiple times, such as a rape victim.

There is also numerous conflictual information in the
written records of others.  In the presentencing report,
Mr. Richardson purportedly stated that he was in Desert
Storm, during which time he would have been 14 years old.
He also reportedly admitted to using angel dust and
cocaine, both of which he denied when I questioned him.
He also states that he has no children. He stated that
his mother is deceased in the PSI report.  During his
deposition he stated his mother is visited him.

In summary, there is a plethora of inconsistencies
regarding the facts in this case.  These inconsistencies
particularly in Mr. Richardson's statements and
interviews are heavily weighted towards portraying him as
someone who was traumatized by the events of April 22,
2001.  As I have previously recommended
neuropsychological testing which would include a WAIS and
MMPI, could further delineate the motivation behind these
inconsistencies.  It is my understanding that the
plaintiff's attorney has refused further evaluation.  The
purpose of these tests would be to further delineate the
nature of Mr. Richardson's memory complaints and the
accuracy of his testimony.  In the absence of these
tests, given the consistent and persistent
inconsistencies in both his clinical interview, his
statements in the written record and other's observations
of him, I can only conclude that his descriptions of his
psychological symptoms and distress are motivated by
factors, other than a simple portrayal of his internal

July 20, 2004
Re:  Brian Richardson
Page Eleven


subjective experience.  The evidence is that Mr.
Richardson is an individual with multiple complaints that
are, at times, contradictory, and at times, exaggerated,
but do not lead to a diagnosis of a major psychiatric
disorder.

Sincerely,

Robert B. Ostroff, M.D.

RBO/CM/cam



**CITY ATTORNEY**
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

**ASSOCIATE CITY ATTORNEYS**
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

### CITY OF BRIDGEPORT
## OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328

**ASSISTANT CITY ATTORNEYS**

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

**LEGAL ADMINISTRATOR**
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 5, 2004

**Daniel Kalish, Esq.**
**Wiggin & Dana**
**One Century Tower**
**P.O. Box 1832**
**New Haven, CT 06508**

Re:   **BRIAN RICHARDSON v. WILLIAM MIRANDA, ET AL**

Dear Attorney Kalish:

The City would like to have an additional date in order to complete testing of Mr. Richardson. Please contact me.

Very truly yours,

*Barbara B. Massaro ch*

Barbara Brazzel-Massaro
Associate City Attorney

BBM/ch40





**CITY OF BRIDGEPORT**
## OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328

**CITY ATTORNEY**
Mark T. Anastasi

**DEPUTY CITY ATTORNEY**
Salvatore C. DePiano

**ASSOCIATE CITY ATTORNEYS**
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

**ASSISTANT CITY ATTORNEYS**

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

**LEGAL ADMINISTRATOR**
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 31, 2004                    BY FAX (203) 782-2889

Attorney Daniel Kalish
Wiggin and Dana
One Century Tower
New Haven, Connecticut

RE:  Richardson v. City of Bridgeport, et al.

Dear Attorney Kalish:

I received your voice message and letter regarding the expert testing of your client as well as the re-scheduling of the deposition of Dr. Johnson. I was surprised by your letter indicating for the first time after the City had already scheduled the testing of Mr. Richardson that you now believe it is unnecessary. I explained to you at length in our telephone discussion that our expert believes that after meeting Mr. Richardson, he cannot give a full evaluation of Mr. Richardson without the use of approved psychological tests to evaluate his mental capacity. As I stated I do not want to be in the position of having an expert provide an opinion that is shabby or weak because there are accepted methods to analyze the verbal statements of the individual. It appears that Dr. Johnson did not do any testing and simply relied upon the statements of Mr. Richardson. It would be wise to have a complete evaluation for all parties in this action. Therefore, if you insist that Mr. Richardson may not be tested, I will file a motion with the court to permit the completion of his evaluation. At this stage, your objections have already resulted in weeks of delay in completing the full psychological evaluation that my clients are entitled to have as their defense.

As to the scheduling of Dr. Johnson, it appears that our recollections are a little different. Yes, I did cancel the continued deposition as a caution because of inclement weather. Since that date I have not received any dates from you to re-schedule although I have called and left many messages and discussed this with you in court. The dates that you have provided give me absolutely no advance notice and you should know that it is impossible to schedule with only two to three days notice. I would suggest the following dates for the continued deposition, April 8 or 13 all day, April 14 in the morning or April 26 in the morning only. I do have a jury trial beginning the week of the 19th of April and

a matter scheduled for most of the week of April 26, 2004.  I also have some limited availability in May especially the first week (May 4,5,and 6).  Please discuss these seven dates with Dr. Johnson and get back to me.

Very truly yours,

Barbara Brazzel-Massaro



FILE COPY

**CITY OF BRIDGEPORT**
## OFFICE OF THE CITY ATTORNEY

999 Broad Street
Bridgeport, Connecticut 06604-4328

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 10, 2004

Dr. Leann Pioli
1495 Black Road Turnpike
Fairfield, CT  06430

Re:    **BRIAN RICHARDSON v. WILLIAM MIRANDA, ET AL**

Dear Dr. Pioli:

Enclosed please find the records of Brian Richardson for background.

Very truly yours,

Barbara B Massaro

Barbara Brazzel-Massaro
Associate City Attorney

BBM/ch44
Enclosure





CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

**CITY OF BRIDGEPORT**
## OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328

ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 17, 2004


Daniel Kalish, Esq.
Wiggin & Dana
One Century Tower
P.O. Box 1832
New Haven, CT  06508

Re:   **BRIAN RICHARDSON v. WILLIAM MIRANDA, ET AL**

Dear Attorney Kalish:

I know we were exchanging phone calls about the doctors in the above referenced case, but I have not heard from you regarding the continued deposition of Dr. Johnson.

Also, I have not heard from you about the ability to do psychological testing for Mr. Richardson so that my expert can complete his report.   Originally my expert wanted to do the tests this week, but I have not heard from you.  I am now asking the Doctor to do the testing next week so that I can hear back from you.

Thanks.

Very truly yours,

Barbara S. Massaro
Barbara Brazzel-Massaro
Associate City Attorney

BBM/ch49



**FILE COPY**



CITY OF BRIDGEPORT
## OFFICE OF THE CITY ATTORNEY

999 Broad Street
Bridgeport, Connecticut 06604-4328

CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 22, 2004

Dr. Leann Pioli
1495 Black Road Turnpike
Fairfield, CT  06430

Re:   **BRIAN RICHARDSON v. WILLIAM MIRANDA, ET AL**

Dear Dr. Pioli:

This letter confirms the date of testing for Mr. Richardson as Saturday, March 27, 2004 from 1:00 p.m. to 4:00 p.m.

As you recall, Mr. Richardson is incarcerated at Garner Institute in Newtown, Connecticut.

If you have any question, please contact my Secretary, Carolyn.

Thank you for your assistance.

Very truly yours,

Barbara Brazzel-Massaro
Associate City Attorney

BBM/ch50
Enclosure



CITY ATTORNEY
Mark T. Anastasi

DEPUTY CITY ATTORNEY
Salvatore C. DePiano

ASSOCIATE CITY ATTORNEYS
John H. Barton
Melanie J. Howlett
Russell D. Liskov
Barbara Brazzel-Massaro
John R. Mitola
Ronald J. Pacacha
Lisa R. Trachtenburg

**CITY OF BRIDGEPORT**
## OFFICE OF THE CITY ATTORNEY
999 Broad Street
Bridgeport, Connecticut 06604-4328



ASSISTANT CITY ATTORNEYS

Gregory M. Conte
Arthur C. Laske III
R. Christopher Meyer
Stephen J. Sedensky, Jr.

LEGAL ADMINISTRATOR
Kathleen Pacacha

Telephone (203) 576-7647
Facsimile (203) 576-8252

March 29, 2004                    BY FAX (203) 782-2889

Attorney Daniel Kalish
Wiggin and Dana
One Century Tower
P.O. Box 1832
New Haven, Connecticut

RE: Brian Richardson v. City of Bridgeport, etal.

Dear Attorney Kalish:

      I returned to my office today and discovered you had cancelled the meeting with my doctor and your client that was scheduled for Saturday, March 27, 2004. As I discussed with you last week I have now set two dates for the doctor to see Mr. Richardson. The first meeting was postponed because you did not return my calls and message about the meeting. The second one has been cancelled with no explanation. When I last spoke to you, you expressed concern about obtaining a written opinion as soon as possible to get this case moving. I have put great pressure on my doctor to move this along and prepare an expert opinion as quickly as is possible after the completion of testing but this will now be delayed because you cancelled the testing season.

      I will seek an extension of the court to submit the expert report because of the delay.

      Please address this issue as well as the latest request for the military records that we have been unable to acquire because your client has not properly signed the release that we provided to you on the day of his deposition.

      I may also file a motion to preclude the testimony of Dr. Johnson if I do not get a date to finish his deposition. As you know it has been approximately two months that we have waited to conclude his deposition. I know we rescheduled it for the end of January but it was continued because of the weather. I have written and called you many times to get a date. I have even offered to go to the office of Dr. Johnson. Our office has been patient with the extended discovery for your client since you entered an appearance and



03/29/2004 17:36 FAX 2035768252          CITY ATTORNEY                          003

would only request some courtesy from you in getting dates to afford us the same opportunity for discovery as we provided to your client.

Very truly yours,

Barbara Brazzel-Massaro
Associate City Attorney